863 So.2d 1288 (2004)
STATE of Florida, Petitioner,
v.
David W. FRANCOIS, Respondent.
No. 4D03-1806.
District Court of Appeal of Florida, Fourth District.
January 28, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for petitioner.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for respondent.
PER CURIAM.
The state petitions for a writ of certiorari quashing the circuit court order suppressing identification testimony because the procedure used in a photo lineup was unnecessarily suggestive. We grant the writ because we find that the procedures used by the police in handling a photo lineup were not unnecessarily suggestive, such that no constitutional violation occurred.
Respondent, David Francois, is charged with attempted robbery with a firearm and *1289 burglary of an occupied structure while armed with a firearm.
The crime occurred at a 99 Cent Store in Boynton Beach. The store was closed. Only two employees were present. A black male wearing a 99 Cent Store vest and armed with a handgun confronted the assistant manager, Ms. Marino, and demanded to be taken to the cash office. Once at the cash office, Marino managed to slip inside and shut the door, locking herself inside.
The other witness was Ms. Sader, a cleaning person. She saw a black male wearing a 99 Cent Store vest coming from the cash office carrying a black bag. Sader recognized the man as a present or former 99 Cent Store employee, whom she might have seen at the Boynton Beach store or at the West Palm Beach location. The man turned his face away from Sader and left through the fire door.
Both Marino and Sader provided consistent descriptions: black male, 5'6" to 5'8", 160 pounds, muscular build, wearing a black Raiders knit cap on his head not covering his face, a white shirt, black nylon pants, and a blue 99 Cent Store vest. Marino stated that the suspect had three gold teeth; Sader did not report seeing gold teeth.
A police officer contacted the Boynton Beach and West Palm Beach 99 Cent Stores. The officer requested lists of employees, or prior employees, who fit the description provided by the witnesses. The Boynton Beach store manager provided the name of a potential suspect, Antwon Monroe. The police created a photo lineup using the ADDICON system, a county-wide, computer database that generates lineups of similar looking people based on the description that is entered. Neither Marino nor Sader recognized anyone in the photo lineup.
The assistant manager of the West Palm Beach store offered the police the name of Francois, a former employee, based on the "gold teeth" part of the description. A few days later, the assistant manager offered the officer the personnel files of about ten other persons fitting the description.
Using the ADDICON system, the police prepared a six-person photo lineup including Francois. Marino did not recognize anyone in the lineup. Sader identified Francois.
Francois moved to suppress Sader's identification. The court granted the motion, on the ground that the procedure employed was unnecessarily suggestive, in that no other employees, or familiar faces, were included in the photo lineup.
Whether an out-of-court identification should be excluded on due process grounds is determined by a two-pronged test: (1) did the police use an unnecessarily suggestive procedure in obtaining the out-of-court identification; and (2) if so, considering all of the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification. See Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Rimmer v. State, 825 So.2d 304, 316 (Fla.2002).
Generally, photographic arrays have been upheld where they have included "a reasonable number of persons similar to any person then suspected whose likeness is included in the array." LA-FAVE, ET AL., CRIMINAL PROCEDURE § 7.4(e) (2d ed.1999) (quoting ALI Model Code of Pre Arraignment Procedure § 160.2(2) (1975)). Photographs used in lineups are not unduly suggestive if the suspect's picture does not stand out more than those of *1290 the others, and the people depicted all exhibit similar facial characteristics.
Thus, in Green v. State, 641 So.2d 391 (Fla.1994),
the victim was shown a photo array consisting of six photographs, one of which was a picture of the defendant. The police then told the victim that they had included a picture of the suspect within the photo spread. After picking the photograph of the defendant, the police told her that she had identified the right person.
Rimmer, 825 So.2d at 317.
The supreme court held in Green that the police procedure was not unnecessarily suggestive. 641 So.2d at 394-95. The court "reasoned that the photo spread consisted of six men with similar characteristics. Although defendant Green's photo was darker than the others, there was no evidence that the police directed the victim's attention to it." Rimmer, 825 So.2d at 317.
Here, the ADDICON system selected the photographs used in the display based upon similarity to Francois. Due process did not require, as the trial court believed, the police to construct a photo lineup that included other 99 Cent Store employees.
Because we hold that the procedures used by the police in obtaining the out-of-court identification were not unnecessarily suggestive, we do not consider the second aspect of the test quoted above. Id. at 316. There are substantial questions about the reliability of the identification; however those questions are for a jury to decide. See Evans v. State, 781 So.2d 493 (Fla. 3d DCA 2001).
The order suppressing the out-of-court identification is quashed and the case is remanded to the circuit court for further proceedings.
GROSS, TAYLOR and MAY, JJ., concur.