SUAREZ, J.
The appellant, Brandon Rolle, appeals his conviction for first-degree murder and robbery with a firearm. He alleges error in the admission of an out-of-court photo lineup identification and the denial of his request to recall a State witness for further cross-examination. We review the first claim de novo, and the second for abuse of discretion. Delhall v. State, 95 So.3d 134, 150 (Fla.2012); McDuffie v. State, 970 So.2d 312, 324 (Fla.2007).
“A trial court’s ruling on a motion to suppress is clothed with a presumption of correctness on appeal, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to the trial court’s ruling.” State v. Manuel, 796 So.2d 602, 604 (Fla. 4th DCA 2001). In ruling whether to suppress an out-of-court identification, the trial court must determine (1) whether the police used an unnecessarily suggestive procedure to obtain the out-of-court identification; and, if so (2) whether, under the totality of the circumstances, the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. Rimmer v. State, 825 So.2d 304, 316 (Fla.2002).
“Photographs used in lineups are not unduly suggestive if the suspect’s picture does not stand out more than those of the others, and the people depicted all exhibit similar facial characteristics.” State v. Francois, 863 So.2d 1288, 1289-90 (Fla. 4th DCA 2004). In Francois, a witness to an attempted robbery reported recognizing the assailant as a present or former employee and later identified the defendant from a photo lineup. Id. at 1289. The trial court suppressed the out- *731 of-court identification, concluding the failure to include other employees rendered the lineup unnecessarily suggestive. Id. at 1288. On certiorari review, the Fourth District Court of Appeal quashed the order, concluding due process did not require that the lineup include other employees. Id. at 1290.
The appellant makes the same , argument rejected in Francois: that the failure to include other individuals from his neighborhood made the lineup unnecessarily suggestive. We agree with the Fourth District that due process does not require such measures. Because we conclude that the photo lineup was not unnecessarily suggestive, we need not assess the likelihood of irreparable misidentifícation.
We also find that the court did not abuse its discretion in denying the appellant’s request to recall a State witness. The trial court exercises discretion over the scope of cross-examination, within the confines of the Sixth Amendment. Lee v. State, 422 So.2d 928, 931 (Fla. 3d DCA 1982). It does not abuse this discretion by denying a defendant’s request to recall a witness for further cross-examination where the evidence the defendant seeks to elicit is not crucial. Irizarry v. State, 905 So.2d 160, 165 (Fla. 3d DCA 2005). The record here does not support a finding that the witness would have provided “crucial” testimony if recalled. See id. To the contrary, there was no guarantee that she would have provided any favorable testimony for the appellant.
Affirmed.