PER CURIAM.
Eric Melvin was indicted for first degree murder in the shooting death of Adrian Adderly. He was convicted of second degree murder with a firearm, and sentenced to twenty-two years imprisonment, with a three-year mandatory minimum. He raises four points on appeal, one of which is meritorious, and requires reversal for a new trial.
Appellant sought to introduce evidence through Officer Flournoy that the deceased had a reputation as a bully. The trial court precluded this evidence from going to the jury, apparently because it reasoned that there was no evidence to show appellant knew of the victim’s reputation. While this might have a bearing on the defense of self-defense, the deceased’s reputation might also have shed some light on what occurred factually before the fatal shots were fired. Banks v. State, 351 So.2d 1071 (Fla. 4th DCA), cert. denied, 354 So.2d 986 (1977). (Although the victim was shot once in the chest, and then two more times in the back as he turned to flee, the defense of self-defense is nonetheless a jury question to resolve.)
The state concedes that excluding the evidence was error, but urges a harmless error analysis, because there was no dispute that the deceased had just pushed Melvin into a bush, and that Adderly was the aggressor. There was considerable dispute, however, as to whether Adderly first choked Melvin before he pushed him into the bush. The jury’s resolution of that factual dispute might have influenced their ultimate decision on the self-defense issue. Moreover, the determination of whether or not Adderly choked Melvin might have been influenced by hearing the evidence of Adderly’s reputation. We cannot say that the error of precluding this testimony did not affect the jury’s verdict beyond a reasonable doubt, State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We have considered appellant’s other points raised on appeal, and in particular, the trial court’s exclusion of testimony from the defense psychiatrist which was not in conformity with legal standards for an insanity defense, and properly excluded. Appellant’s other points fail to demonstrate reversible error.
For the reasons stated above regarding the erroneous exclusion of testimony concerning the victim’s reputation, we reverse and remand for a new trial.
REVERSED AND REMANDED.
POLEN and FARMER, JJ., concur.
LETTS, J., dissents without opinion.