731 So.2d 94 (1999)
Luis GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1507.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
*95 Michael D. Gelety, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas Gurnic, Assistant Attorney General, Fort Lauderdale, for appellee.
SHAHOOD, J.
We affirm appellant's conviction of trafficking in cocaine and conspiracy to traffic in cocaine. Appellant raises several issues in his appeal, all of which we find to be without merit. We write, however, to discuss appellant's first issue, which concerns comments made by the prosecutor during cross-examination and closing argument regarding appellant's right to remain silent.
Appellant claims that during his cross-examination and in closing argument, improper comments were made by the prosecutor on his right to remain silent. While the prosecutor's remarks during closing argument were "fairly susceptible" of being interpreted by the jury as a comment on appellant's right to remain silent, such remarks were unpreserved. See, e.g., Dean v. State, 690 So.2d 720, 724 (Fla. 4th DCA 1997)(noting that "any remark which is `fairly susceptible' of being interpreted as a comment on silence creates a `high risk' of error") (citations omitted).
In order to preserve an allegedly improper prosecutorial comment for review, a defendant must object to the comment and move for a mistrial. See Allen v. State, 662 So.2d 323, 328 (Fla.1995). While a motion for mistrial may be made as late as the end of closing argument, a timely objection must be made in order to allow a curative instruction or admonishment to counsel. See Nixon v. State, 572 So.2d 1336, 1340-41 (Fla.1990). Absent fundamental error, this issue must be affirmed. See Weiand v. State, 701 So.2d 562, 565 (Fla. 2d DCA 1997), quashed on other grounds, 24 Fla.L. Weekly S124, 732 So.2d 1044 (Fla.1999). While an improper comment on a defendant's right to remain silent may be constitutional error, it is not considered fundamental error. See State v. Marshall, 476 So.2d 150, 153 (Fla.1985)(citing Clark v. State, 363 So.2d 331 (Fla.1978), receded from in part on other grounds, State v. DiGuilio, 491 So.2d 1129 (Fla.1986)).
Since appellant failed to object to the remarks at trial and since an improper comment on a defendant's right to remain silent is not fundamental error which may be raised on appeal without an objection at trial, any errors were not preserved for appeal. See Clark, 363 So.2d at 333-34; Murphy v. International Robotics Sys., Inc., 710 So.2d 587, 590 (Fla. 4th DCA), review granted, 722 So.2d 193 (Fla.1998).
AFFIRMED.
DELL and GROSS, JJ., concur.