739 So.2d 1177 (1999)
George NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1456.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
Rehearing Denied September 10, 1999.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of second degree murder with a firearm, and argues that the trial court erred in not allowing him to put on evidence that the victim had a reputation for violence. We reverse for a new trial.
Appellant had been living on and off with a woman who may have had a relationship with the victim, Elijah Canion. Several weeks before the shooting, Canion called the woman's house and appellant answered the phone. Canion identified himself as the woman's boyfriend, threatening to kill the appellant unless he stopped seeing the woman. Appellant told the woman about the threat.
In addition, after the above threat and before the shooting, Canion pulled a gun on appellant and again threatened to kill appellant if he ever saw him with the woman. Because of the threats, appellant moved his things out of the woman's *1178 house. Later, while appellant was in a parking lot where the woman was attempting to convince him not to move out, Canion drove up. Appellant then went into the apartment building into which he had moved his things and returned with a gun. A confrontation ensued in which the appellant shot and killed Canion. Appellant testified that he believed Canion had a gun and would have shot him if he had not shot Canion first.
Appellant attempted to cross examine two of the state's witnesses in order to show that Canion had a reputation in the community as a violent drug dealer, in order to support his theory that he had shot Canion in self-defense out of fear for his own life. Appellant argues that this evidence, which was excluded, was admissible under section 90.404(1)(b), Florida Statutes (1997) as a character trait of the victim, in order to prove that the victim was acting in conformity with that character trait at the time. Such evidence is admissible because it is relevant to the issue of who was the aggressor. Fine v. State, 70 Fla.412, 70 So. 379 (1915); Melvin v. State, 592 So.2d 356 (Fla. 4th DCA 1992).
Section 90.405 entitled "Methods of proving character," provides that when evidence of character is admissible, it may be established by testimony about the person's reputation.
In Larzelere v. State, 676 So.2d 394 (Fla. 1996), the defendant was attempting to impeach a state witness by introducing testimony as to his poor reputation for truthfulness. Impeaching the character of witnesses is authorized by section 90.609, Florida Statutes. Addressing both sections 90.609 and 90.405, our supreme court stated:
Essentially, it must be established that the community from which the reputation testimony is drawn is sufficiently broad to provide the witness with adequate knowledge to give a reliable assessment. This assessment must be based on more than "mere personal opinion, fleeting encounters, or rumor." Further, reputation evidence "must be based on discussions among a broad group of people so that it accurately reflects the person's character, rather than the biased opinions or comments of... a narrow segment of the community." [citations omitted.]
Id. at 399.
In the present case, one of the witnesses proffered testimony that on one occasion, in the neighborhood where Canion was killed, shortly after the killing, she had heard talk from four or five people that he had been a drug dealer who used violence as a method of enforcement. The other witness proffered that on one occasion, some time before 1990, she was in a park where she had heard that a person who owed Canion money had his house "shot up" as a result. The state argues that the trial court correctly excluded this evidence from both witnesses on the ground that it was not sufficiently broad based under Larzelere. We disagree as to one of the witnesses.
Although Larzelere does require that reputation testimony be sufficiently broad so as to be reliable, regardless of whether it is introduced to impeach a witness or show that the victim of a crime had a reputation for violence, it is also well-established that:
if there is the slightest evidence of an overt act by the victim which may be reasonably regarded as placing the defendant in imminent danger, all doubts as to the admission of self-defense evidence must be resolved in favor of the accused.
Smith v. State, 606 So.2d 641, 643 (Fla. 1st DCA 1992) and cases cited.
Because the only real issue in this case was whether the appellant was acting in self-defense, we conclude that the trial court should have allowed the one witness, who had heard from four or five people in the neighborhood that the victim had been *1179 a violent drug dealer, to be cross-examined about that. We therefore reverse for a new trial.
We agree with the trial court that the reputation testimony proffered by the witness who heard something about a person who owed the victim money having his house "shot up" was not admissible. That testimony was clearly insufficient to comply with Larzelere.
Appellant also argues that the court erred in failing to follow section 39.059(7)(a), Florida Statutes (1995), renumbered section 985.233(3)(a), Florida Statutes (1997). This section requires an evaluation by the Department of Juvenile Justice as part of a presentencing investigation. Because the language in the statute is mandatory, in the event appellant is again convicted, the PSI must include a report by the Department of Juvenile Justice.
GROSS and HAZOURI, JJ., concur.