762 So.2d 929 (2000)
Henry SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1356.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
Rehearing Denied August 3, 2000.
*930 Richard L. Jorandby, Public Defender, and Jennifer L. Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and M. Rebecca Springer, Assistant Attorney General, Fort Lauderdale, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
In December, 1997 four masked men, armed with firearms, entered the 15th Street Market, a convenience store in Pompano Beach, where they robbed the manager and assaulted the clerk. Appellant, charged with armed robbery and aggravated assault, both with a firearm, was convicted on both counts primarily on the strength of the victims' eyewitness identification of appellant as one of the perpetrators. On this appeal from the judgment and sentence, appellant contends the court erred by (1) proceeding with appellant's trial in the absence of a defense witness who was in state custody, (2) refusing to allow appellant to impeach the state's principal witness by prior inconsistent statement, and (3) failing to follow the requirements of section 985.233, Florida Statutes before sentencing appellant, a juvenile, as an adult. We affirm both the judgment and the sentence.
On the first point, that the court erred by proceeding with appellant's trial in the absence of a defense witness then in state custody, appellant bases his argument on the constitutionally guaranteed right[1] to offer the testimony of witnesses and to compel their attendance, a fundamental element of due process. Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). The purported *931 witness, one Maddarrow Smith[2] (not related to appellant), was initially named as a co-defendant but had entered a plea and was serving his sentence in the state prison in Brevard County. Both appellant and the state listed Maddarrow as a witness for appellant's trial. Five days prior to trial the prosecutor obtained a court order to have Maddarrow transported from Brevard County to Broward County for the purpose of testifying at appellant's trial. The prosecutor informed defense counsel of the order and stated that he was bringing Maddarrow in for the trial. Defense counsel did not seek a separate transport order.[3] When the case was called for trial, the listed witness, Maddarrow, was not present, and defense counsel objected to proceeding without this witness.
A colloquy between the court and counsel developed the information that the prosecutor had changed his mind about calling Maddarrow as a witness. In explaining his decision not to call Maddarrow as a witness, the prosecutor stated to the court that Maddarrow, while under oath, on one occasion had implicated appellant and on another occasion had exonerated appellant, although most recently at his sentencing hearing and under oath he had identified appellant by name as a co-participant in the charged offenses. The prosecutor also stated that he had not delivered the court order to the sheriff because he was informed the sheriff would not transport Maddarrow from prison to Broward County without two weeks notice. Defense counsel stated that he had relied on the prosecutor's representation that the transport order would be delivered to the sheriff, and that Maddarrow, if called as a witness, would testify that appellant was not a co-participant in the December, 1997 caper. The court overruled defense counsel's objection, an objection that was again made and overruled before opening statements. The absence of the witness was also the basis for a motion for mistrial, made and overruled at the close of the state's case.
We view appellant's objection to proceeding with the trial in the absence of the purported witness as being, in effect, a motion for a continuance. Such motion is directed to the sound, judicial discretion of the court. The denial of such a motion should not be reversed unless it clearly and affirmatively appears on the record that the denial was a palpable abuse of discretion. See Geralds v. State, 674 So.2d 96, 99 (Fla.1996); Jent v. State, 408 So.2d 1024 (Fla.1981); Magill v. State, 386 So.2d 1188 (Fla.1980). For a defendant to prevail on a motion for continuance (because of the absence of a witness), the defendant is required to show (1) prior due diligence to obtain the witness' presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify, and (4) that the denial of the continuance caused material prejudice. Geralds, 674 So.2d at 99 (citing United States v. O'Neill, 767 F.2d 780, 784 (11th Cir.1985); see also Robinson v. State, 561 So.2d 419, 421 (Fla. 1st DCA 1990); Goree v. State, 411 So.2d 1352, 1353 (Fla. 3d DCA 1982)).
Here, defense counsel failed to carry the burden described above; indeed, it is questionable that he adequately met any of the four requirements. Defense counsel took no steps himself to obtain the presence of Maddarrow.[4] Though defense counsel *932 represented to the court that the witness would testify favorably to appellant, i.e., that appellant was not a participant, the only evidence we have found in the record on that issue is Maddarrow's statement under oath given to investigating officers shortly following his arrest that he did not want to reveal the names of the co-participants. On the contrary, the prosecutor offered not only the sworn deposition of a detective in which the deponent stated that Maddarrow had later identified appellant by name as a co-participant, but also a transcript of Maddarrow's sentencing hearing in which he again identified appellant by name as a co-participant. In light of that, it remains doubtful that appellant adequately showed that favorable testimony would have been forthcoming from Maddarrow,[5] or that he was willing to testify. Furthermore, beyond mere conjecture, there was no showing that denial of the continuance caused material prejudice.[6] No abuse of discretion in denying the continuance is clearly and affirmatively shown on this record.
Appellant's second point is that the court erred in sustaining the state's hearsay objection to defense counsel's efforts to impeach the credibility of the state's principal witness, the store manager. The latter had testified at trial that appellant came behind the counter close to where he, the manager, was standing, and took money from under the counter. On cross examination the witness was asked if he had given the investigating officers a statement that it was the person known as "Mad Dog" who came behind the counter and took money from under the counter.[7] The witness denied that he had made such a statement to the investigating officers. Thus, if appellant had evidence that the witness had indeed told the investigating officers under the circumstances described in the question that it was the person known as "Mad Dog" who came behind the counter, that evidence would have been admissible as proper impeachment.[8]
The problem here is that the record does not show either proof or proffer of proof of such prior inconsistent statement on the part of the store manager. The closest approach is the following question by defense counsel on cross-examination of Detective Lindsey, one of the investigating officers:
Do you recall [the store manager] giving a description that the person that he later identified as being Mr. Henry Smith as being the one previously behind the counter rummaging, looking for money, and removing cigarettes as he exited the store? (e.s.)
The prosecutor's objection on the grounds of hearsay was sustained, and the question was never answered nor was any proffer made of what the answer would have been if allowed. Of course, as the question was phrased, an affirmative answer by the detective would have shown *933 that the store manager had made a prior consistent statement, not a prior inconsistent statement; on the other hand, a negative answer by the detective would not have shown that the store manager made a prior inconsistent statement. Consequently, there was no error in sustaining the objection to the question. Appellant argues the issue as if the question to the detective was whether the store manager had previously stated to the investigators that "Mad Dog" was the participant behind the counter rummaging for money. Were we to indulge in the speculation that such was the case (and that the trial transcript was in error), the court's ruling would have been harmless error, at most, in view of the further cross examination of the detective which elicited his admission that, in this respect, there was a contradiction between the respective statements given the investigating officers by the store manager and the clerk, both of whom were witnesses at trial.
Appellant's third point is that it was error for the court to sentence him because the presentence report did not include a comments section prepared by the Department of Juvenile Justice with its recommendations as to disposition, an evaluation mandated by section 985.233(3)(a). See Nelson v. State, 739 So.2d 1177 (Fla. 4th DCA 1999). That defect, argues appellant, requires that his sentence be vacated and that he be resentenced after the court has reviewed a PSI which meets the requirements of the statute. The issue has not been preserved for appellate review. Appellant's sentence was not illegal, and he failed to bring the defect to the attention of the trial court, either by a contemporaneous objection at sentencing or by timely filing a rule 3.800(b) motion. See Fla.R.App.P. 9.140(d).
FARMER and KLEIN, JJ., concur.
NOTES
[1] Fifth Amendment to the United States Constitution; Article I, Section 9, of the Florida Constitution.
[2] Maddarrow Smith was also known as "Mad Dog."
[3] Although the case had been set for trial on several earlier dates, only to be continued each time, defense counsel had never sought a transport order to have Maddarrow available for any of the prior trial dates.
[4] Appellant contends that he justifiably relied on the prosecutor's representation, made five days prior to the trial date, that the prosecutor intended to have Maddarrow transported from prison to the trial. However, there is nothing in the record to show such reliance was detrimental, i.e., had it not been for the prosecutor's representation not only would defense counsel have acted on his own to obtain an order for prisoner transport, but also would have acted timely to assure the witness' presence at the start of the trial. There are reasonable inferences to the contrary, given (a) defense counsel's lack of effort to obtain a transport order for any of the prior trial dates for which the case had been set, and (b) the two weeks notice apparently required by the sheriff's office to effect prisoner transport. In essence, defense counsel did not show that he had used prior due diligence to obtain the witness' presence.
[5] Given that Maddarrow's prior sworn statements seem as likely to inculpate appellant as to exculpate him, one might question whether defense counsel would forego having the concluding argument before the jury in exchange for testimony of such apparent marginal value.
[6] The identical exculpatory testimony was available through appellant.
[7] For this discussion we accept the question as an adequate predicate to make extrinsic evidence of a prior inconsistent statement admissible to impeach the witness' credibility. See § 90.614(2) Fla. Stat. Although the predicate of time, place and circumstance of the prior statement could certainly have been stated by the questioner in this instance with greater specificity, there was no objection on this score and it does not appear that the witness was misled.
[8] § 90.608(1), Fla. Stat.