966 So.2d 515 (2007)
Lakeary HECK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1052.
District Court of Appeal of Florida, Fourth District.
October 24, 2007.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Lakeary Heck was tried by jury and found guilty of attempted robbery with a firearm, attempted premeditated first degree murder, and attempted first degree felony murder, adjudicated guilty of all three crimes, and sentenced for the attempted robbery and attempted premeditated murder. Heck has appealed, arguing that double jeopardy principles require vacation of his conviction for attempted felony murder and that his Prison Releasee Reoffender ("PRR") sentence must be reversed as the predicate was established through hearsay. We agree with Heck's claim that one of the murder convictions must be vacated, but reject his argument concerning the propriety of the PRR sentence.
Heck's convictions arose from the robbery of a convenience store and the shooting of its clerk. Where, as here, there is a single death, dual convictions for attempted premeditated first degree murder and attempted first degree felony murder cannot stand. See Gordon v. State, 780 So.2d 17, 25 (Fla.2001); Jackson v. State, 868 So.2d 1290 (Fla. 4th DCA 2004); Tucker v. State, 857 So.2d 978, 979-80 (Fla. 4th DCA 2003). The trial court sought to avoid the double jeopardy problem *517 by entering judgment for both convictions and withholding the imposition of sentence for the attempted felony murder conviction. Allowing the dual convictions to stand and simply withholding the imposition of sentence for one of the offenses is not, however, sufficient to cure the double jeopardy violation as it is "the record of appellant's conviction [that] constitutes the violation of double jeopardy." Florida v. State, 855 So.2d 109, 111 (Fla. 4th DCA 2003) (on reh'g) (rejecting claim that any double jeopardy concerns were rendered harmless where defendant was not sentenced for one of convictions), overruled on other grounds, 894 So.2d 941 (Fla.2005); see also Coughlin v. State, 932 So.2d 1224, 1226 (Fla. 2d DCA 2006) (stating that correcting an alleged double jeopardy violation would require vacation of the underlying conviction, not just the sentence). Heck insists that to cure the double jeopardy problem one of his murder convictions must be vacatedthe remedy traditionally resorted to by Florida's courts. See Coughlin, 932 So.2d at 1226; Jackson, 868 So.2d at 1290; Deangelo v. State, 863 So.2d 374 (Fla. 1st DCA 2003); Tucker v. State, 857 So.2d at 980.
The State argues, though, that vacation is not an appropriate remedy because it places the State at risk and results in an unfair windfall to the defendant if one of the convictions is vacated and, then, at some subsequent point in time, the remaining conviction is overturned. To illustrate its point, the State cites the circumstances in State v. Cameron, 914 So.2d 4 (Fla. 4th DCA 2005). There, six people died because the defendant, who was under the influence of alcohol and driving at a high rate of speed, crashed his boat into theirs. A jury found the defendant guilty of six counts of manslaughter while operating a vessel under the influence of alcohol (BUI) and six counts of manslaughter with an unlawful blood alcohol level (UBAL). Because the dual convictions for each victim violated double jeopardy some of the convictions were vacated and the defendant was sentenced on three counts of BUI and three counts of UBAL. On appeal, the three BUI convictions were overturned and, ultimately, the three vacated convictions could not be resorted to in order to punish the defendant for three of the deaths.
To avoid this potential problem, the State suggests that rather than vacate one of the findings of guilt and/or conviction, it is appropriate to "merge" the two findings of guilt into a single judgment of conviction and to then impose a single sentence. As pointed out by the State, this procedure had been utilized in a number of other jurisdictions. See State v. Howard, 221 Conn. 447, 604 A.2d 1294 (1992); Green v. State, 856 N.E.2d 703 (Ind.2006); State v. Howard, 30 S.W.3d 271 (Tenn.2000); State v. Addison, 973 S.W.2d 260 (Tenn.Crim. App.1997). While we are not unsympathetic to the State's concerns, adopting the "merger" procedure it advances is not as simple or workable as the State suggests. What comes to mind is the treatment to be afforded such a "merged" judgment of conviction during subsequent sentencing proceedings. Section 921.0021(2), Florida Statutes, defines a "conviction" as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." See also Fla. R.Crim. P. 3.704(d)(6). That same statute defines a "prior record" as "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." § 921.0021(5), Fla. Stat. These terms are utilized in determining the number of points attributable to the defendant under a Criminal Punishment Code score sheet. The procedure advocated by the State calls for the entry of a single judgment of conviction that *518 reflects the jury's findings of guilt for both offenses, i.e., premeditated murder and felony murder. Under chapter 921's definitions, a "conviction" is defined as a jury's findings of guilt. Thus, despite the entry of a single judgment of conviction, the record will still reflect two "convictions," thus placing the defendant in the position of being assessed points on his score sheet for both the premeditated murder and the felony murder. While this problem (and others that are sure to arise) can certainly be addressed, it must be addressed by the legislature. Thus, at this juncture, we decline the State's invitation to resolve the double jeopardy concerns by entering a single judgment of conviction that reflects and "merges" the jury's findings of guilt for both crimes. Rather, as we have traditionally done, we remand the matter to the trial court with directions that one of Heck's murder convictions be vacated.
As for Heck's PRR sentence, the State relied upon a "Certification of Records" from a DOC records custodian and the accompanying pages of DOC computer print-outs to establish the predicates for PRR sentencing. Heck objected to the admission of the report on hearsay grounds. His objection was overruled. Heck insists the trial court was wrong in overruling his hearsay objection. We have already decided this issue adversely to Heck and decline to revisit the matter. See Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006) (en banc), review granted, 956 So.2d 458 (Fla.2007); see also Carswell v. State, 947 So.2d 692 (Fla. 4th DCA 2007); Montero v. State, 947 So.2d 634 (Fla. 4th DCA 2007). As we did in Yisrael, we certify conflict with Gray v. State, 910 So.2d 867 (Fla. 1st DCA), review denied, 920 So.2d 628 (Fla.2005).
After considering all issues raised, including any not expressly addressed in this opinion, we affirm Heck's PRR sentence, but remand this case to the trial court with instructions that one of Heck's murder convictions be vacated.
SHAHOOD, C.J., and WARNER, J., concur.