CIKLIN, J.
 

 Basil Burford appeals his convictions for manslaughter by culpable negligence, vehicular homicide, and fleeing a law enforcement officer. Burford argues that his convictions for manslaughter by culpable negligence and vehicular homicide (which is a lesser included offense of manslaughter by culpable negligence) violate double jeopardy. He further asserts that the trial court erred in denying his motion for new trial based upon the prosecutor’s closing arguments pertaining to Burford’s right to remain silent. We affirm the conviction for manslaughter by culpable negligence but vacate the conviction of vehicular homicide, the lesser of the two offenses. We affirm the denial of his motion for new trial because his objections were not adequately preserved, and, even if they had been, the prosecutor’s remarks were not a comment on the right to silence.
 

 On September 20, 2004 around midnight, Officer Gino Serri was on road patrol in a marked police vehicle when he observed Burford operating an Acura without functioning taillights. Serri activated his lights and attempted to conduct a traffic stop. Burford initially stopped but then abruptly sped off as Officer Serri exited his vehicle. In his effort to elude the officer, Burford ran a red light and struck a pickup truck. The driver of the pickup truck died at the scene from blunt head trauma injuries.
 

 An accident reconstructionist estimated that the Acura was traveling between sixty-four and sixty-six miles per hour in a thirty-five mile per hour speed zone.
 

 The jury found Burford guilty of manslaughter by culpable negligence (count 1), vehicular homicide (count 2), and fleeing a
 
 *480
 
 law enforcement officer (count 3). The court adjudicated Burford guilty of all three counts and sentenced him to fifteen years on count 1 and five years on count 3 to run consecutively to count 1. The trial judge held “in abeyance” any sentence as to count 2. Burford appeals.
 

 Double Jeopardy
 

 Vehicular homicide is a lesser included offense of manslaughter by culpable negligence.
 
 McCreary v. State,
 
 371 So.2d 1024, 1027 (Fla.1979);
 
 State v. Young,
 
 371 So.2d 1029, 1030 (Fla.1979). As such, a defendant may be charged with, but not convicted of, both vehicular homicide and manslaughter for a single death.
 
 State v. Lewek,
 
 656 So.2d 268 (Fla. 4th DCA 1995).
 
 See also Michelson v. State,
 
 927 So.2d 890, 893-94 (Fla. 4th DCA 2005). A conviction for both vehicular homicide and manslaughter is not harmless error even where a sentence is not imposed for the lesser included offense and the lesser included offense is not scored on the guidelines scoresheet.
 
 Werhan v. State,
 
 673 So.2d 550, 553 (Fla. 1st DCA 1996).
 

 In
 
 Heck v. State,
 
 966 So.2d 515 (Fla. 4th DCA 2007), this court addressed a similar factual scenario. Heck was convicted of attempted premeditated first-degree murder and attempted first-degree felony murder. The trial court sought to avoid a double jeopardy problem by entering judgment for both convictions and withholding the imposition of sentence for the attempted felony murder conviction. This court held that where there is a single death, dual convictions cannot stand. “Allowing the dual convictions to stand and simply withholding the imposition of sentence for one of the offenses is not ... sufficient to cure the double jeopardy violation as it is ‘the record of appellant’s conviction [that] constitutes the violation of double jeopardy.’ ”
 
 Id.
 
 at 517 (quoting
 
 Florida v. State,
 
 855 So.2d 109, 111 (Fla. 4th DCA 2003)
 
 overruled on other grounds,
 
 894 So.2d 941 (Fla.2005)).
 

 For this reason, Burford’s conviction for vehicular homicide must be vacated.
 

 Prosecutorial Comments
 

 Burford claims that the trial court erred in denying his motion for new trial because of comments made by the prosecutor during closing argument. Specifically, he complains about the following two statements:
 

 (1) “You heard no evidence from that stand as to why he [Burford] decided to flee.”
 

 (2) “Now, as far as the, you know, two conflicting stories in this case, which recently came up — ”
 

 The defense lodged no objection to the first comment. As to the second statement, the defense objected and moved to “strike the commentary.” The court sustained the objection and instructed the jury that “[w]hat the lawyers say is not evidence. Use your memory as to what the evidence is here.”
 

 After the jury started deliberations, the defense moved for a mistrial on the grounds that the second comment amounted to an attack on the defendant’s right to remain silent. The court denied the motion.
 

 “A motion for mistrial is directed to the sound discretion of the trial court, and should be granted only when necessary to ensure that the defendant receives a fair trial.”
 
 Miles v. State,
 
 839 So.2d 814, 819 (Fla. 4th DCA 2003). “In order to preserve an allegedly improper prosecutorial comment for review, a defendant must object to the comment and move for a mistrial. While a motion for mistrial may be made as late as the end of closing argument, a timely objection must be made in order to allow a curative instruction or admonishment to counsel.”
 
 *481
 

 Gutierrez v. State,
 
 731 So.2d 94, 95 (Fla. 4th DCA 1999) (citation omitted).
 

 Burford failed to object to the first comment and, therefore, failed to preserve his challenge. Even if it were preserved, we find the comment is not fairly susceptible of being interpreted as a comment on Bur-ford’s right to remain silent. The prosecutor argued to the jury:
 

 Nowhere in here, ladies and gentlemen, and you heard this eluded [sic] to during the trial, does it say I have to prove why Mr. Burford decided to flee the law enforcement officer. The law does not require me to prove why he did that. You heard no evidence from that stand as to why he decided to flee.... I think you would agree that basically is irrelevant for those purposes.
 

 Taken in its context, it is clear that the prosecutor was explaining to the jury the elements that it needed to prove to establish the offense of fleeing a law enforcement officer and clarified that the state did not need to prove why Burford fled.
 

 As to the second comment, the only contemporaneous objection was to the prosecutor’s “commentary.” To be preserved for appellate review, “an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation.”
 
 Tillman v. State,
 
 471 So.2d 32, 35 (Fla.1985). The court sustained the objection and gave a curative instruction. It was not until the jury had retired for deliberations that Burford first argued that it was a comment upon his right to remain silent. Burford presented this argument too late.
 
 Gutierrez,
 
 731 So.2d at 95. Even if his objection had been preserved, the statement is not fairly susceptible as a comment on the right to silence. Considered in context, the prosecutor was simply responding to the defense’s alternative theory that the driver of the pickup truck — and not Burford — had run the red light. The prosecutor argued that his theory was supported by the evidence and that Burford’s theory was not.
 

 Conclusion
 

 We affirm the conviction and sentence for manslaughter by culpable negligence and fleeing a law enforcement officer. For the reasons stated herein, we remand this case to the trial court with instructions to vacate the conviction for vehicular homicide.
 

 Affirmed in part, reversed in part, and remanded.
 

 POLEN and HAZOURI, JJ., concur.