CIKLIN, J.
 

 This is an appeal by Nelsenn Simon from his conviction of second degree murder. Simon argues that the trial court gave a fundamentally erroneous jury instruction on the lesser included offense of manslaughter because it included the same intent element of the greater offense of second degree murder. Simon also contends that the trial court improperly excluded testimony as to the victim’s propensity for violence. In his third point on appeal, Simon claims that an improper prosecutorial comment on his right to silence was not satisfactorily remedied by a
 
 *795
 
 curative instruction such that he is now entitled to a new trial. Because the jury instruction allowed the jury to find Simon guilty of manslaughter by culpable negligence rather than an intent to kill, the trial court did not commit error. Simon’s second argument is also without merit because he failed to lay the proper predicate demonstrating his proffered witness had sufficient knowledge of the victim’s reputation for violence. Finally, we find that Simon’s third issue raised on appeal was not preserved.
 

 Jury Instructions
 

 Based on the authority of this Court’s recent opinion in
 
 Singh v. State,
 
 36 So.3d 848 (Fla. 4th DCA 2010), we affirm the trial court’s decision as it relates to the manner in which it instructed the jury without further discussion.
 

 Reputation Testimony Concerning Victim’s Propensity For Violence
 

 Simon argues that the trial court erred when it disallowed certain reputation testimony concerning the victim’s propensity for violence. The State contends, and the trial court found, that the witness possessed insufficient knowledge of the victim’s reputation for violence.
 

 “A trial judge’s ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion.”
 
 Dessaure v. State,
 
 891 So.2d 455, 466 (Fla.2004). However, this discretion is limited by the rules of evidence.
 
 See Nardone v. State,
 
 798 So.2d 870, 874 (Fla. 4th DCA 2001).
 

 “An exception to the rule that character evidence is inadmissible ‘permits an accused to use character evidence to show that the victim of a crime was the aggressor and that the accused acted in self-defense.’ ”
 
 Williams v. State,
 
 982 So.2d 1190, 1193 (Fla. 4th DCA 2008) (quoting
 
 Hedges v. State,
 
 667 So.2d 420, 422 (Fla. 1st DCA 1996));
 
 see also
 
 § 90.404(l)(b)l., Fla. Stat. (2009). “Evidence of the victim’s reputation is admissible to disclose his or her propensity for violence and the likelihood that the victim was the aggressor.”
 
 Berrios v. State,
 
 781 So.2d 455, 458 (Fla. 4th DCA 2001).
 

 Before admitting evidence as to a victim’s propensity for violence, the proper predicate must be laid. To do so, a witness must establish “that the community from which the reputation testimony is drawn is sufficiently broad to provide the witness with adequate knowledge to give a reliable assessment.”
 
 Larzelere v. State,
 
 676 So.2d 394, 399 (Fla.1996). “[Reputation evidence ‘must be based on discussions among a broad group of people so that it accurately reflects the person’s character, rather than the biased opinions or comments of ... a narrow segment of the community.’ ”
 
 Id.
 
 at 400 (citation omitted);
 
 see also Nelson v. State,
 
 739 So.2d 1177 (Fla. 4th DCA 1999) (holding that proper predicate laid where testimony revealed that witness had heard from four or five people in the victim’s neighborhood that the victim had been a violent drug dealer and used violence for enforcement). “[A]ll doubts as to the admission of self-defense evidence must be resolved in favor of the accused.”
 
 Nelson,
 
 739 So.2d at 1178.
 

 In the instant case, the witness’s proffered testimony indicated that she had heard from others in the community that the victim had a reputation for being violent. On cross-examination however, the witness acknowledged that her basis of knowledge as to the victim’s reputation was one brief meeting with the victim, and a remote conversation with the victim’s ex-girlfriend. In fact, up until the time of trial, the witness did not know the victim’s real name.
 

 We agree with the trial court that the witness’s knowledge of the victim’s reputation for violence derived from too narrow a
 
 *796
 
 segment of the community to be sufficiently reliable. There was no abuse of discretion.
 

 Impermissible Prosecutorial Comment
 

 Finally, Simon contends that the trial court failed to issue a satisfactory curative instruction after the prosecutor impermis-sibly commented on the defendant’s right to silence during closing argument. On appeal, the State urges that this issue was not preserved for review because Simon did not move for a mistrial.
 

 It is within the trial court’s discretion to control prosecutorial comments made to a jury, and an appellate court will not interfere unless an abuse of discretion is shown.
 
 Occhicone v. State,
 
 570 So.2d 902, 904 (Fla.1990);
 
 see also Lubin v. State,
 
 963 So.2d 822, 823 (Fla. 4th DCA 2007).
 

 “In order to preserve an allegedly improper prosecutorial comment for review, a defendant must object to the comment and move for a mistrial.”
 
 Gutierrez v. State,
 
 731 So.2d 94, 95 (Fla. 4th DCA 1999) (citing
 
 Allen v. State,
 
 662 So.2d 323, 328 n. 9 (Fla.1995));
 
 see also Salazar v. State,
 
 991 So.2d 364, 381 (Fla.2008) (“ ‘[A] defendant need not request a curative instruction in order to preserve an improper comment issue for appeal. The issue is preserved if the defendant makes a timely specific objection and moves for a mistrial.’” (quoting
 
 James v. State,
 
 695 So.2d 1229, 1234 (Fla.1997)));
 
 see also Card v. State,
 
 803 So.2d 613, 620-21 (Fla.2001);
 
 Burford v. State, 8
 
 So.3d 478, 480-81 (Fla. 4th DCA 2009).
 

 During closing arguments the prosecution referenced an assertion made by defense counsel during opening statement that “Simon will testify ... He will take the stand ... You will hear from [him].” Defense counsel immediately objected to the prosecutor’s comment and the trial court informed the jury to “disregard” the statement and instructed the prosecutor to move on.
 

 Our review of the record clearly shows that defense counsel at no time after making this objection moved for a mistrial. As such, this issue was not properly preserved for appellate review.
 
 See Clark v. State,
 
 363 So.2d 331, 335 (Fla. 1978) (“When there is an improper comment, the defendant, if he is offended, has the obligation to object and to request a mistrial.... If the defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver.”),
 
 abrogated on other grounds by State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 
 [1]
 

 Affirmed.
 

 GERBER, J., and COX, JACK S., Associate Judge, concur.
 

 [1]
 

 . Although this issue was not preserved, we find that the trial court gave a suitable curative instruction so as to ensure the jury would not draw any impermissible inferences from the prosecutor’s comment upon the defendant’s right to silence.