DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLTON DEVONTA JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1945

[December 4, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael C. Heisey, Judge; L.T. Case Nos. 472015CF000695A, 472017CF000639A, 472017CF000640A.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant, who was charged as an adult for crimes committed when he was a juvenile, challenges his sentence on the ground that his pre-sentence investigation report failed to include the recommendations from the Department of Juvenile Justice as required by section 985.565(3), Florida Statutes (2018). We affirm, because the issue was not preserved. Even if it was preserved, because he was an adult at sentencing, the omission was harmless.

Appellant was charged with lewd and lascivious battery on a child. At the time he was seventeen, but the state attorney exercised its discretion under section 985.557(1)(b), Florida Statutes (2018), and filed charges against appellant as an adult. During the pendency of the case, he was charged with two additional grand theft offenses. He finally pled to the charges in the spring of 2018. A PSI was prepared. At sentencing, appellant had no objection to the information contained in the PSI; instead, he disagreed with the recommendation and informed the court that it appeared the preparer did not speak to the public defender, the

state attorney, or the victim. The State asked for a twelve-year sentence. Defense counsel argued for a youthful offender sentence to one year in jail, followed by probation, calling character witnesses in support. No mention was made of juvenile sentencing. The court sentenced appellant, who was then twenty years old, to 96.45 months Florida State Prison, the lowest permissible sentence under the Criminal Punishment Code, on the lewd and lascivious battery, a second-degree felony. It also sentenced him on two grand theft charges which arose after the battery charge. The court imposed all sentences concurrently. Defendant appealed the sentence. During the pendency of the appeal, he filed a Florida Rule of Criminal Procedure 3.800(b) motion attacking his sentence for failure of the PSI to include recommendations from the DJJ as required by section 985.565(3)(a), Florida Statutes, which states that "The presentence investigation report must include a comments section prepared by the Department of Juvenile Justice, with its recommendations as to disposition." The State objected, contending that appellant had waived any compliance with this provision. The court denied the motion, prompting this appeal.

Section 985.565(4)(a)2., Florida Statutes (2018), provides "the court may sentence [a child] who has been transferred for criminal prosecution pursuant to information . . . [a.] As an adult; [b.] Under chapter 958 [as a youthful offender]; or [c.] As a juvenile under this section." For any sentencing, however, the court shall receive a presentence report with recommendations from the DJJ. Section 985.565(3) provides:

> (a) At the sentencing hearing the court shall receive and consider a presentence investigation report by the Department of Corrections regarding the suitability of the offender for disposition as an adult or as a juvenile. The presentence investigation report must include a comments section prepared by the Department of Juvenile Justice, with its recommendations as to disposition. This report requirement may be waived by the offender.

Appellant's PSI did not include any comments from the Department of Juvenile Justice, but he failed to object at sentencing, even though he objected to other omissions in the PSI. To attempt to remedy this defect, his appellate attorney filed a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). We conclude, however, that failure to have a recommendation from the DJJ constituted an error in the sentencing process and not an error in the sentence. Therefore, it was not properly preserved.

In *Jackson v. State*, 983 So. 2d 562 (Fla. 2008), the court limited the type of errors which were correctable pursuant to rule 3.800(b). "[A] 'sentencing error' that can be preserved under rule 3.800(b)(2) is an error in the sentence itself-not any error that might conceivably occur during a sentencing hearing." *Id.* at 573 (citing *Jackson v. State*, 952 So. 2d 613, 616 (Fla. 2d DCA 2007)). Rule 3.800(b) was not intended to circumvent the rules requiring contemporaneous objections. 983 So. 2d at 573. Thus, its purpose is to correct errors in the sentence itself, not errors in the process. Correctable sentencing errors are harmful errors in an order entered as a result of the sentencing process, such as when the sentence exceeds the statutory maximum, when the scoresheet is inaccurate, and when the court improperly imposes a departure sentence or assesses costs. 983 So. 2d at 572. In contrast, defendants have the opportunity to object to errors that occur during the sentencing process, such as the improper introduction of evidence. 983 So. 2d at 573. Rule 3.800(b) "was never intended to allow a defendant (or defense counsel) to sit silent in the face of a procedural error in the sentencing process and then, if unhappy with the result, file a motion . . . ." *Id.*

Based upon *Jackson,* we conclude that the omission of the DJJ recommendation in a PSI is an error in the sentencing process, not an error in the order imposing the sentence. The order imposing the lowest permissible sentence under the Criminal Punishment Code was not illegal, and no error in the sentence has been alleged. Section 985.565(4)(a)4. provides that any sentence imposing adult sanctions is presumed appropriate. The lack of the DJJ recommendation can be equated with a failure to produce evidence, which would be part of the sentencing process. Although in *Smith v. State*, 762 So. 2d 929, 933 (Fla. 4th DCA 2000), we commented that a defendant should have preserved his argument that the PSI failed to include DJJ's recommendations as to disposition through timely objection at sentencing *or rule 3.800(b) motion,* our statement was not only dicta but was decided well before *Jackson.* Therefore, it does not control this case.

Even if the issue were preserved, we would hold that any error in omitting comments from DJJ would be harmless beyond a reasonable doubt, as appellant was an adult when he was sentenced and had thus aged out of the juvenile justice system. *See* § 985.0301(5)(a), Fla. Stat. (2018). It appears that the reason for comments from DJJ is to provide information to the trial court on various statutory criteria which the court must consider if it chooses to sentence a defendant as a juvenile. For instance, pursuant to section 985.565(1)(b), the court must consider: "prior commitments to the Department of Juvenile Justice, the former Department of Health and Rehabilitative Services, the Department of

Children and Families, or other facilities or institutions . . . . [t]he prospects for adequate protection of the public and the likelihood of deterrence and reasonable rehabilitation of the offender if assigned to services and facilities of the Department of Juvenile Justice [and] . . . . [w]hether the Department of Juvenile Justice has appropriate programs, facilities, and services immediately available." All these considerations are irrelevant in this case. Thus, the failure to have DJJ comments in the PSI is harmless beyond a reasonable doubt.

For the foregoing reasons, we affirm appellant's conviction and sentence.

CIKLIN, J., concurs.
SINGHAL, RAAG, Associate Judge, concurs with opinion.

SINGHAL, RAAG, Associate Judge, concurring.

I wholeheartedly concur with Judge Warner's thoughtful analysis. I write, however, only to comment on an issue apparent to a trial judge graciously permitted to sit as an Associate on the appellate court. The amount of work and time devoted to what may appear to be a routine opinion was extraordinary.

The issue raised in this appeal should never have been before this court. Appellants should, as they say, be careful what they wish for. Here, the best possible result, consistent with appellant's argument, would have been remand for re-sentencing. There, appellant could have received 25 years Florida State Prison, **or at best**, just over eight years, the exact same sentence from which he sought appellate review. Florida appellate judges consider many difficult cases each year. This should not have been one of them.

*　　*　　*

***Not final until disposition of timely filed motion for rehearing.***

4