[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12543
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cv-00338-LC-MJF

LOGAN DRINKARD,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 1, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Logan Drinkard, a Florida probationer proceeding with counsel, appeals the district court's denial of his amended 28 U.S.C. § 2254 petition for writ of habeas corpus.  Drinkard seeks to vacate his 2013 Florida conviction for manslaughter. No reversible error has been shown; we affirm.

Drinkard's conviction stems from a collision between Drinkard's car and another vehicle, which resulted in the death of a passenger in that other vehicle. The state charged Drinkard with (1) vehicular homicide under Fla. Stat. § 782.071(1)(a) (Count 1); (2) manslaughter under Fla. Stat. § 782.07 (Count 2); and (3) racing on a highway under Fla Stat. § 316.191(2)(a) (Count 3).  At a pre-trial hearing, the state clarified that Count 1 and Count 2 were based on the same set of facts.

Following a trial, the jury found Drinkard (1) guilty of reckless driving -- a lesser-included offense of vehicular homicide, (2) guilty of manslaughter, and (3) not guilty of racing on a highway.

Drinkard moved to arrest the judgment, seeking to vacate the jury's verdict for manslaughter.  Drinkard argued that -- because the jury acquitted him of vehicular homicide in Count 1 and because vehicular homicide is a lesser-included

2

offense of manslaughter[1] -- constitutional double jeopardy principles prohibited

him from being convicted and sentenced for manslaughter.[2]  Drinkard focused on

the order in which the offenses were charged and, thus, the order in which the

verdict was announced.  In other words, Drinkard asserted that jeopardy attached

as soon as the jury announced its verdict for Count 1 and thus barred Drinkard

from being convicted for manslaughter in Count 2.  Following a hearing on the

motion, the state court denied relief.

At sentencing, the parties agreed -- given Drinkard's conviction for

manslaughter -- that double jeopardy concerns barred Drinkard from also being

convicted or sentenced on the reckless driving offense.  The state trial court thus

adjudicated Drinkard guilty only of manslaughter and sentenced Drinkard to 10

years' imprisonment.

Drinkard appealed his conviction and sentence to the state appellate court.

In pertinent part, Drinkard challenged the trial court's denial of his motion for

arrest of judgment and reasserted his double jeopardy argument.  Following oral

---

[1] See Burford v. State, 8 So. 3d 478, 480 (Fla. Dist. Ct. App. 2009) ("Vehicular homicide is a lesser included offense of manslaughter by culpable negligence.").

[2] Drinkard also challenged the jury's verdict as legally inconsistent but later abandoned that claim.

argument, the state appellate court affirmed Drinkard's manslaughter conviction without discussion.[3]

The Florida Supreme Court denied rehearing and certification without discussion. The United States Supreme Court later denied certiorari.

Drinkard timely filed the counseled section 2254 federal habeas petition at issue in this appeal. Drinkard again challenged his manslaughter conviction as unlawful on double-jeopardy grounds in the light of his acquittal on the lesser-included offense of vehicular homicide. The district court denied Drinkard's motion on the merits and denied Drinkard a certificate of appealability ("COA").

A single judge of this Court granted a COA on this issue: "Whether the Florida courts unreasonably applied clearly established federal law by affirming Mr. Drinkard's convictions of both manslaughter and reckless driving, where there was one death, in light of double jeopardy principles."

As an initial matter, we note that the issue as framed in the COA mischaracterizes the nature of Drinkard's double jeopardy claim. Accordingly -- in the light of the record, including the pertinent pleadings and decisions of the state courts and the district court -- we amend the COA to read this way: "Whether

---

[3] The state appellate court also vacated Drinkard's sentence and remanded for resentencing for reasons unrelated to this appeal. Drinkard was later resentenced to 10 years' probation with a special condition that he be confined to the county jail for the first year of probation.

the Florida courts unreasonably applied clearly established federal law in denying Mr. Drinkard's claim that constitutional double jeopardy principles prohibited him from being convicted or sentenced for manslaughter in the light of the jury's acquittal -- in the same criminal prosecution -- on the lesser-included offense of vehicular homicide."  For background, see Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) ("Although we will not decide any issue not specified in the COA, we will construe the issue specification in light of the pleadings and other parts of the record."); 11th Cir. R. 27-1(g) (noting the merits panel may alter, amend, or vacate a motions ruling entered by a single judge or panel).  Because both parties have briefed the issue reflected in the amended COA, we now address the merits.

When reviewing the district court's denial of a section 2254 habeas petition, "we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error."  See Rambaran v. Sec'y, Dep't of Corr., 821 F.3d 1325, 1330 (11th Cir. 2016).

When the merits of a section 2254 habeas claim have been already adjudicated in state court, our review is highly deferential to the state court.  See Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007).  To obtain habeas relief, a petitioner must show that the state court's ruling "was contrary to, or involved an

5

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. 2254(d); Crowe, 490 F.3d at 844.

A state court decision is "contrary to" established Supreme Court precedent (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law"; or (2) "if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision constitutes an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

Where -- as here -- the state court's decision offers no explanation, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." See Harrington v. Richter, 562 U.S. 86, 102 (2011).

6

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause offers three basic protections: (1) "against a second prosecution for the same offense after acquittal", (2) "against a second prosecution for the same offense after conviction", and (3) "against multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977). Drinkard's double-jeopardy claim implicates only the first of these three protections.

A greater and a lesser-included offense constitute the "same offense" for purposes of double jeopardy. Id. at 168-69. Thus, the Supreme Court has determined that "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." See Ohio v. Johnson, 467 U.S. 493, 501 (1984) (citing Brown).

Drinkard argues that the state court's denial of his double-jeopardy claim is contrary to and an unreasonable application of the Supreme Court's decisions in Brown and Johnson. We disagree. As observed by the district court, Drinkard's claim raises essentially the same double-jeopardy argument rejected by the Supreme Court in Johnson.

7

In <u>Johnson</u>, the Supreme Court addressed the application of the Double

Jeopardy Clause in the context of a multicount indictment charging the defendant

with murder, involuntary manslaughter, aggravated robbery, and grand theft.  467

U.S. at 495.  The defendant pleaded guilty to the lesser-included offenses of

involuntary manslaughter and grand theft and pleaded not guilty to the greater

offenses of murder and aggravated robbery.  <u>Id</u>. at 496.  The trial court (over the

state's objection) accepted the defendant's guilty pleas and sentenced the

defendant to a term of imprisonment for those offenses.  <u>Id</u>.  The trial court then

granted the defendant's motion to dismiss the remaining counts on double-

jeopardy grounds.  <u>Id</u>.

The Supreme Court reversed.  <u>Id</u>. at 502.  In pertinent part, the Supreme

Court rejected the argument that the defendant's guilty pleas on the two lesser-

included offenses barred the state's continued prosecution on the two greater

offenses.  467 U.S. at 500-01.  The Supreme Court explained its ruling this way:

> The answer to this contention seems obvious to us.  Respondent was
> indicted on four related charges growing out of a murder and robbery.
> The grand jury returned a single indictment, and all four charges were
> embraced within a single prosecution.  Respondent's argument is
> apparently based on the assumption that trial proceedings, like
> amoebae, are capable of being infinitely subdivided, so that a
> determination of guilt and punishment on one count of a multicount
> indictment immediately raises a double jeopardy bar to continued
> prosecution on any remaining counts that are greater or lesser

8

included offenses of the charge just concluded.  We have never held that, and decline to hold it now.

Id. at 501.

Like the defendant in Johnson, Drinkard was charged in a single multicount indictment and was subjected to a single prosecution.  Nevertheless -- like the defendant in Johnson -- Drinkard sought to subdivide his prosecution so that an acquittal on a lesser-included offense would operate as an immediate double jeopardy bar to his conviction on the greater offense.  Given the Supreme Court's rejection of a substantially similar argument in Johnson, Drinkard cannot show that the state court's denial of Drinkard's double-jeopardy claim was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

We affirm the district court's denial of Drinkard's 28 U.S.C. § 2254 petition.

AFFIRMED.

9