603 So.2d 69 (1992)
Franklin REED, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2358.
District Court of Appeal of Florida, Fourth District.
July 29, 1992.
*70 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant brings this appeal from his conviction and sentence for the offense of burglary of a structure with a human being inside. We affirm appellant's conviction, reversing his sentence only as to the public defender fee assessed against him.
Testimony adduced at trial revealed that appellant broke into a house while a girl he knew to be thirteen (13) years of age waited for him outside. The girl testified that appellant asked her to wait for him to break into the house so that the two could enter the house and engage in sexual intercourse. The girl also stated during her testimony that she did not want to engage in sexual intercourse with appellant. A detective who responded to the scene testified that the girl told him she had been waiting for appellant to open the door so that the two could enter the house to engage in sexual intercourse.
After the state rested, appellant moved for a judgment of acquittal arguing that the information charging him with burglary was defective because it did not allege the offense appellant intended to commit while inside the structure. The motion was denied. The trial court instructed the jury on the law, without objection from appellant. Appellant was found guilty and later sentenced, at which time the trial court assessed a public defender fee.
Appellant alleges error in the trial court's denial of his motion for judgment of acquittal, however he does so by raising a new argument for the first time on appeal. Appellant now argues that the girl's testimony that she did not want to engage in sexual intercourse created a reasonable doubt as a matter of law, and thus appellant was entitled to a judgment of acquittal. Appellant's failure to present this argument before the trial court precludes its assertion on appeal. Johnson v. State, 478 So.2d 885 (Fla. 3d DCA 1985), cause dismissed, 488 So.2d 830 (Fla. 1986). Even if we were to address this argument, we would conclude that it lacks merit. We *71 also reject appellant's attack upon the charging document. An information charging burglary need not specify the offense the accused is alleged to have intended to commit within the structure. State v. Waters, 436 So.2d 66 (Fla. 1983).
Appellant's third point alleges error in the trial court's failure to instruct the jury on the elements of the underlying offense, lewd assault. Appellant did not preserve this argument for appeal by timely objection in the trial court, but alleges that the error is fundamental. We disagree. Failure to define the underlying offense when instructing a jury on burglary does not constitute fundamental reversible error. See Oliverio v. State, 583 So.2d 412 (Fla. 1991).
Appellant's fourth point concerns the assessment of a public defender fee. We agree that the trial court erred in imposing this fee without the required notice and hearing mandated by section 27.56, Florida Statutes (1989). In re R.B., 582 So.2d 163 (Fla. 4th DCA 1991). Therefore we reverse the assessment of a public defender fee.
Lastly appellant argues that the trial court erred in sentencing him to a probation and restitution center without first obtaining an individual assessment and recommendation as provided in section 921.187(1)(b)4, Florida Statutes (1989). The record reflects that a presentence investigation report was available to the sentencing judge. A presentence investigation report that contains the same information contemplated by the assessment and recommendation satisfies the requirement of section 921.187(1)(b)4. Therefore we find no error as concerns this point.
Accordingly, appellant's conviction and sentence are affirmed except as to the assessment of a public defender fee.
AFFIRMED IN PART AND REVERSED IN PART.
GLICKSTEIN, C.J., and STONE and POLEN, JJ., concur.