STEVENSON, Judge.
Appellant, Edgar Bushey, was tried by jury, convicted of attempted sexual battery upon a person less than twelve years of age, and sentenced to six years in prison. We affirm the conviction but must remand for the trial court to correct the written sentencing order to conform with the trial judge’s oral pronouncements.
Appellant maintains that the evidence was insufficient to sustain his conviction for sexual battery because it conclusively showed that he voluntarily abandoned his criminal objective, and that a conviction in this circumstance amounts to fundamental error. The effect of abandoning a criminal attempt is codified in the Attempt statute:
It is a defense to a charge of criminal attempt ... that, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose, the defendant ... [abandoned his attempt to commit the offense or otherwise prevented its commission....
§ 777.04(5)(a), Fla. Stat. (1995).
Appellant must rely on a fundamental error analysis because he never argued the defense of “voluntary abandonment” to the trial court. See Reed v. State, 603 So.2d 69 (Fla. 4th DCA 1992)(explaining that only those grounds raised in a motion for judgment of acquittal are reviewable on appeal).
We need not decide whether uncontrovert-ed evidence of a defendant’s abandonment of his criminal design is a matter for the application of the principles of fundamental error because we do not agree with appellant’s conclusion that the evidence in the instant case irrefutably established his voluntary abandonment. Our review of the record leads us to conclude that the reason for appellant’s failure to complete the crime was properly a question for the trier of fact, and voluntary abandonment of appellant’s criminal purpose was not the only conclusion which the jury could have drawn from the testimony.
At sentencing, the trial court orally pronounced an assessment of attorney’s fees in the amount of $500. The written order, however, imposes $2,500. The State concedes that this is error. See Kord v. State, 508 So.2d 758 (Fla. 4th DCA 1987). Accordingly, we must reverse the $2,500 fee award and remand this cause for the trial court to correct the written order to conform with the oral pronouncement of $500.
*907 REVERSED IN PART and REMANDED.
DELL and POLEN, JJ., concur.