PER CURIAM.
We affirm appellant’s conviction on a charge of robbery, and sentence as an habitual felony offender to 30 years in prison. Appellant argues as one of his points on appeal that the trial court committed reversible error by allowing Officer Pressley to testify to the contents of a BOLO (be on the lookout) which identified a suspect as driving a green Toyota car with trunk damage. In this case, the contents of the BOLO was triple hearsay, having been conveyed to one storeowner/victim by an unidentified customer, then to the victim’s brother, and from him to the 911 dispatcher. In each case, however, the statements could have been properly admitted, if otherwise admissible, under the excited utterance exception to the hearsay rule. § 90.803(2), Fla. Stat. (2000); State v. Jano, 524 So.2d 660 (Fla.1988).
The “otherwise admissible” consideration relates to the general proposition that such evidence must be relevant. An often misused concept in admitting hearsay contents of BOLOs is that it is relevant to show “the logical sequence of events” that leads a particular officer to be in a particular place or to take certain actions. Cf. Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989) (en banc), where contents of a police dispatch were disapproved as being too incriminating.
However, we hold the contents of the BOLO in this case were not so incriminating, in that they described only a suspect’s car, without reference to any individual’s personal description or crimes alleged to have been committed, so that the error in admitting it is harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We write to caution trial courts that in most cases, a “logical sequence of events” is not in issue, and the danger of admitting such hearsay may result in reversals in closer cases.
As to the remaining issues, we affirm as being unpersuasive.
POLEN, C.J., FARMER and GROSS, JJ., concur.