839 So.2d 813 (2003)
John PRESLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2801.
District Court of Appeal of Florida, Fourth District.
March 5, 2003.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
John Presley was convicted of burglary of a dwelling and theft of property valued at less than $100. Although the trial court erroneously allowed the introduction of an out-of-court description of the perpetrator, we hold such error was harmless.
At trial, over defense objection, the lead police officer was allowed to testify that per a BOLO description he was looking for a "tall black male, thin, I believe was wearing a blue shirt, tan pants and they said he was walking towards 25th Street," and that Presley was stopped because he met that description. This BOLO, which contained an out of court description of the perpetrator, constituted inadmissible hearsay and should not have been admitted. See Puryear v. State, 810 So.2d 901 (Fla. 2002); § 90.801(2)(c), Fla. Stat. (2001).[1] Nor do we find a sufficient predicate was established for the introduction of this out-of-court description (contained within a call to the police by an eye-witness neighbor) as an excited utterance. § 90.803(2), Fla. Stat. (2001); cf. Foster v. State, 804 So.2d 405 (Fla. 4th DCA 2001).
However, we find the trial court's erroneous admission of this hearsay testimony was harmless. Later at trial, the initial declarant of this double hearsay, eye-witness Ida Nelson, testified regarding her observations of the suspect. Mrs. Nelson identified Presley as the man she saw emerge from her neighbor's home, wearing clothes which she had recognized as belonging to her neighbor. She had an unobstructed view of the door from which he emerged, and upon exiting her neighbor's residence Presley walked across the street and stood in front of her home, in plain view, for a few minutes. Her description of Presley on the date in question, *814 and her identification of him in court, was unwavering. Defense counsel was allowed to cross-examine Mrs. Nelson at length, challenging the integrity of her memory and insinuating her view of her neighbor's home was actually obstructed by some shrubs. Although the admission of Mrs. Nelson's out-of-court description improperly corroborated her in-court testimony, we find its admission was harmless where the defense was allowed to cross-examine her on this subject, thereby mitigating the prejudice. See Caruso v. State, 645 So.2d 389, 395 (Fla.1994). In addition, Presley was found with a number of items from the burglarized neighbor's home in his possession and was wearing some items of clothing when apprehended which were identified as belonging to the neighbor; the neighbor testified upon arriving home from vacation she had found some unknown old tattered clothes in her home. In this case, the proverbial "smoking gun" was the discovery of two ice-cold drink boxes of Tang found on Presley's person when he was stopped by the police; Presley did not have any ice in the bag in which he was carrying the drink boxes, and the corner store, where defense counsel claimed Presley had stopped for a drink, did not sell Tang. Yet, the refrigerator of the burglarized home contained a six-pack of Tang, from which, coincidentally, two drink boxes were missing. On these facts, we find beyond a reasonable doubt, the erroneous introduction of the out-of-court description of the burglar was harmless. See Miles v. State, 839 So.2d 814 (Fla. 4th DCA 2003); Goodwin v. State, 751 So.2d 537 (Fla.1999); cf. Puryear v. State, 820 So.2d 359 (Fla. 4th DCA 2002)(erroneous introduction of out-of-court description by victim of her assailant was not harmless since this was a close case on the issue of identification). We find Presley's additional arguments concerning remarks made during closing statements by the prosecutor unconvincing.
AFFIRMED.
POLEN, C.J., GUNTHER and GROSS, JJ., concur.
NOTES
[1] We note Puryear, which definitively held a description of an individual does not qualify as a non-hearsay statement of "identification," had not yet been decided when the trial judge made his ruling in the instant case.