ALLEN, J.
The appellant in this direct criminal appeal challenges his conviction, arguing that the arresting officer’s trial testimony included a constitutionally impermissible comment upon the appellant’s pretrial exercise of his right to remain silent and that the trial court therefore abused its discretion in denying the appellant’s timely motion for a mistrial. We reverse the appellant’s conviction because the comment related to the appellant’s silence at the time of his arrest.
The officer testified that when he went to the appellant’s apartment for the purpose of arresting him, the appellant was not immediately arrested. Instead, the officer first asked the appellant “if we could talk some more about what had happened,” to which the appellant “replied that he’s got nothing to say to me.” The appellant was then placed under arrest.
Relying upon the decision of the Florida Supreme Court in State v. Hoggins, 718 So.2d 761 (Fla.1998), the appellant argues that the officer’s testimony was an impermissible comment upon his right to pretrial silence as guaranteed by the Florida Declaration of Rights. The Court held in Hoggins that article I, section 9 of the Florida Constitution precludes trial comment upon a defendant’s “postarrest silence,” explaining that “postarrest silence *1159 is not limited to silence which occurs after the arresting officer informs the defendant that he or she is under arrest,” in that it “also includes silence which occurs at the time of arrest.” Id. at 767. Indeed, the objectionable comments upon Hoggins’s silence primarily related to his silence in the moments just prior to his being placed under arrest.
The officer’s testimony in the present case likewise related to the appellant’s exercise of his right to remain silent immediately before he was placed under arrest. It therefore fell within the Hoggins proscription.
Because we are unable to conclude that this constitutional violation was harmless beyond a reasonable doubt, the appellant’s conviction is reversed.
PADOVANO and ROBERTS, JJ., concur.