ORFINGER, J.
Tyrone English appeals his convictions of robbery with a firearm and aggravated battery with a firearm. We conclude that the trial court erred when it allowed a State witness to testify about the contents of a “be on the lookout” (“BOLO”) police dispatch. However, we affirm because the error was harmless beyond a reasonable doubt.
*872 As Loi Van Pham walked home from a store at midday, a man approached him from behind, grabbed his neck, put a gun to his temple, and took his cell phone. As the gunman began to leave, Pham knelt down on the sidewalk to retrieve the keys that he had dropped. He glanced up at the gunman, then about ten feet away, who walked back and struck Pham in the face with the gun. When Pham returned home, he reported the incident to the police, providing a physical description of the gunman and the stolen cell phone number. The responding deputy, Gary Dalton, dispatched a BOLO for a black male, approximately twenty years old, five feet and seven inches tall, thin build, wearing a black T-shirt and baggy blue jean shorts.
A few blocks from the scene of the robbery, Deputy Jerry Nelson saw a man, who matched the BOLO running down the street. Deputy Nelson and another K-9 deputy tracked the man to a nearby apartment complex where he had been detained by another deputy. The detained man, English, was sweating profusely, wearing a black shirt, dark jean shorts, and black shoes, and had a small bleeding cut on his hand. Deputy Dalton called the cell phone number of the stolen phone, which rang in English’s pants pocket, and spoke to the deputy who answered the phone. Pham was then taken to where English was detained, and identified English as the man who robbed him at gunpoint.
At trial, Pham described the gunman as a skinny, black male, wearing a dark colored wrap on his head, a black T-shirt, and long jean shorts. English testified and denied that he stole the phone from Pham that afternoon. Instead, he claimed that he obtained the phone from a man around 3:00 a.m. that morning for five dollars worth of crack cocaine. English also denied that he ran from a deputy, owned a gun, or had previously seen Pham. The jury found English guilty as charged of robbery with a firearm and aggravated battery with a firearm. This appeal followed.
English contends that the trial court reversibly erred when, over objection, a State witness was permitted to testify about the description of the suspect that was broadcast in a BOLO police dispatch. A trial court has “wide discretion in areas concerning the admission of evidence, and, unless an abuse of discretion can be shown, its rulings will not be disturbed.” San Martin v. State, 717 So.2d 462, 471 (Fla.1998). “If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). Additionally, under section 924.33, Florida Statutes (2009), “[n]o judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”
“ ‘[T]he contents of a BOLO are generally inadmissible in that they contain incriminating hearsay details unnecessary to establish a logical sequence of events.’ ” Tillman v. State, 964 So.2d 785, 788 (Fla. 4th DCA 2007). However, when as here, the victim testifies to the same information during the trial, courts have often considered the admission of the BOLO’s contents cumulative in nature, and, therefore, harmless. See Miles v. State, 839 So.2d 814, 819 (Fla. 4th DCA 2003) (holding that police officer’s statement as to what witness told him was harmless because witness previously testified to same account and description). In addition, courts have considered the admission of the contents of a BOLO harmless error when an over *873 whelming amount of evidence of the defendant’s guilt existed as it did here. See Presley v. State, 839 So.2d 813, 813-14 (Fla. 4th DCA 2003) (determining that erroneous introduction of victim’s out-of-court description harmless when suspect was found carrying bag containing items stolen from victim’s refrigerator). Cf. Puryear v. State, 820 So.2d 359 (Fla. 4th DCA 2002) (holding that erroneous introduction of out-of-court description by victim of assailant was not harmless where close case on issue of identification).
In the instant case, the trial court erred by admitting Deputy Dalton’s description of the suspect as part of his BOLO testimony. However, we conclude that this error was harmless. Prior to the deputy’s testimony, the victim testified to the same description. As a result, the erroneously admitted hearsay was cumulative to the victim’s testimony. Having reviewed the entire record, we conclude there is no reasonable probability that the error affected the verdict. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
AFFIRMED.
GRIFFIN and TORPY, JJ., concur.