ROBERTS, J.
The appellant, Allen Mack, was tried by jury and convicted of one count of kidnapping and one count of felony battery as a repeat offender. The appellant raises several issues on appeal, one of which warrants reversal. The appellant argues that the trial court erred in denying his motion for mistrial after a State witness made a constitutionally impermissible comment upon his right to remain silent. We agree and reverse.
On direct examination, the lead investigator in the appellant’s case testified to the following. Part of his investigation in the case involved tracking down the appellant, who was a suspect. He conducted surveillance and followed leads for approximately two weeks before apprehending the appellant at the residence of a friend. The investigator went to the residence with other law enforcement officers who kept a perimeter around the residence for approximately two and a half hours. After the investigator finally gained access, he located the appellant in a locked bedroom. When the prosecutor asked the investigator whether the appellant made any statements, the following colloquy occurred:
PROSECUTOR: Upon making contact with [the appellant], did he make any statements to you?
WITNESS: He asked me who I was. I told him who I was. And he knew immediately because I asked him to call me to give me his side of the story.
PROSECUTOR: Did he make any other statements to you?
WITNESS: He said he’d rather talk to his attorney, and he didn’t want to talk anymore.
Defense counsel immediately objected to the comment, and the trial court sustained *356 the objection. Defense counsel moved for a mistrial on the ground the comment was an impermissible comment on the appellant’s right to remain silent. Although a curative instruction was briefly discussed, none was given. The trial court took the motion under advisement, but did not deny the motion until after jury deliberations. In denying the motion, the trial court found that, while inappropriate, the comment did not rise to the level of being so prejudicial as to warrant a mistrial.
Comments on a defendant’s right to remain silent are high-risk errors because there is a substantial likelihood that they will vitiate the defendant’s right to a fair trial. See State v. DiGuilio, 491 So.2d 1129, 1136 (Fla.1986) (holding comments on the defendant’s right to remain silent are reviewed under the harmless error test). Any comment that is “fairly susceptible” to interpretation as a comment on the defendant’s right to remain silent will be treated as such. Id. at 1135. Comments on a defendant’s request for an attorney have been considered a comment on the exercise of the right to remain silent. See e.g., Shingledecker v. State, 734 So.2d 483 (Fla. 4th DCA 1999).
The due process clause of the Florida Constitution, Article I, section 9, guards against comments on a defendant’s post-arrest silence regardless of whether Miranda warnings have been given. See State v. Hoggins, 718 So.2d 761, 770 (Fla.1998). In Hoggins, the Court explained that “post-arrest silence is not limited to silence which occurs after the arresting officer informs the defendant that he or she is under arrest” in that it “also includes silence which occurs at the time of arrest.” Id. at 767. See also Ash v. State, 995 So.2d 1158 (Fla. 1st DCA 2008).
In Ash, an officer testified that he went to the defendant’s apartment for the purpose of arresting him and asked the defendant if they could talk some more to which the defendant replied that he had nothing to say. Id. The defendant was then placed under arrest. Id. This Court held the officer’s comment related to the defendant’s silence at the time of his arrest; therefore, it fell within the Hoggins proscription. Id. at 1159. Because the constitutional violation was not harmless, the defendant’s conviction was reversed. Id.
Likewise, in the instant case, the investigator’s testimony related to the appellant’s silence at the time he was arrested and was a constitutional violation. See id. We are unable to conclude that this improper comment was harmless beyond a reasonable doubt; therefore, the appellant’s conviction is REVERSED and the case is REMANDED for a new trial.
Because we are remanding for a new trial, we decline to address the appellant’s other issues, including his objection to the admission of a 911 tape on both hearsay and confrontation clause grounds.
CLARK and WETHERELL, JJ„ concur.