NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN MATTHEW CARLISLE,                    )
                                          )
            Appellant,                    )
                                          )
v.                                        )          Case No. 2D13-5369
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
_____)

Opinion filed May 6, 2015.

Appeal from the Circuit Court for
Hillsborough County; J. Rogers Padgett,
Senior Judge.

Howard L. Dimmig, II, Public Defender, and
William L. Sharwell, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


KHOUZAM, Judge.

            John Matthew Carlisle timely appeals his conviction and sentence for

burglary of an unoccupied dwelling, providing false information on a pawnbroker form,

and grand theft. Because comments on Carlisle's post-arrest, pre-Miranda[1] right to remain silent were improperly admitted at trial, we reverse and remand for a new trial.

The record shows that a home was burglarized on January 8, 2013. A PlayStation console and controllers were among the items stolen. The PlayStation equipment, identified by serial number, was later found at a pawn shop. The pawn shop's records revealed that Carlisle had sold the equipment to the pawn shop on January 9. The transaction was also recorded by the pawn shop's surveillance cameras, and the video showed that Carlisle had been accompanied by another person. The detective investigating the burglary located Carlisle and arrested him.

The detective testified at trial that when she arrested Carlisle, she explained the charges to him, told him that she had to complete some paperwork before asking him questions, and informed him that he would have a chance to make a statement. The prosecutor asked the detective, "And although you didn't ask him any questions, did Mr. Carlisle then say anything to you?" The detective responded, "He did. He stated that 'he wasn't going to tell me where he got the property and he wasn't going to tell on anyone.' " The trial court allowed the statement to be admitted.

Carlisle contends that this statement was admitted in violation of his right to remain silent. We agree. As the Florida Supreme Court has explained, the due process clause of Florida's constitution prohibits the use of post-arrest, pre-Miranda silence at trial. State v. Hoggins, 718 So. 2d 761, 768-70 (Fla. 1998). "[T]his prohibition extend[s] to *all* evidence and argument . . . that [is] fairly susceptible of being interpreted

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

- 2 -

by the jury as a comment on silence." Id. at 769. Further, this proscription applies to an appellant's affirmative statements that he will not talk. See Mack v. State, 58 So. 3d 354, 355-56 (Fla. 1st DCA 2011) (holding that investigator's testimony that appellant "said he'd rather talk to his attorney, and he didn't want to talk anymore" was an impermissible comment on appellant's right to remain silent); Ash v. State, 995 So. 2d 1158, 1158-59 (Fla. 1st DCA 2008) (holding that officer's testimony that appellant "replied that he's got nothing to say to me" was impermissible comment on his right to remain silent). Here, Carlisle's post-arrest, pre-Miranda statement that he would not provide any information should not have been admitted because it was fairly susceptible to being interpreted as a comment on Carlisle's right to remain silent.

And though the State contends otherwise, this error was not harmless under the circumstances of this case. Indeed, the error was compounded by additional improper comments on Carlisle's right to remain silent. First, a recording of the detective's interview with Carlisle was played for the jury. During the interview, the detective asked Carlisle, "If you're truly innocent and you truly haven't burglarized anything, why would you want to take a felony charge and ruin your life?" This question inappropriately suggested that Carlisle's silence indicated his guilt.

Second, the prosecutor improperly commented during closing argument on Carlisle's right to remain silent. Carlisle testified at trial that he innocently bought the stolen items from a man at a convenience store, and in closing the prosecutor emphasized that Carlisle had not previously mentioned his story. Specifically, the prosecutor commented: "Never one time on any of the recordings that we heard did you hear the defendant say 'I wish I never bought that. I wish Joe never pulled up that

- 3 -

morning.  I did not know it was hot and stolen stuff.' "  Not only is this statement susceptible to being interpreted as a comment on Carlisle's right to remain silent but it also improperly suggests that Carlisle was required to present evidence.  See Janiga v. State, 713 So. 2d 1102, 1103 (Fla. 2d DCA 1998) ("The law is well-settled that the State may not comment on the defendant's failure to present evidence to refute an element of the crime charged, because such could erroneously lead the jury to believe that the defendant has the burden of proving her innocence.").  Because Carlisle's statement that he would not talk to the detective was erroneously admitted and repeatedly highlighted throughout the trial, we must reverse and remand for a new trial.

Reversed and remanded for a new trial.

NORTHCUTT and LUCAS, JJ., Concur.