Kuntz, J.
The defendant appeals his convictions for two counts of first-degree murder with a firearm, one count of attempted first-degree murder with a firearm, and one count of shooting a firearm into an occupied vehicle. The defendant argues that the trial court abused its discretion by allowing the State to cross-examine him regarding his statements to the police after his arrest but prior to being read his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We affirm.
During cross-examination of the defendant, the State asked the defendant whether he was read his Miranda rights on the day of his arrest. Counsel for the defendant objected and, at sidebar, the State stated that it intended to question the defendant about his ability to remember certain events and not others. The court explained that the State was entitled to ask the question to establish that he had not yet invoked his right to remain silent when he answered certain questions. The *1052 court also explained that the State has “to get into that in order to show a voluntary statement, and if he’s being interrogated.”
There is no doubt that “the due process clause of Florida’s constitution prohibits the use of post-arrest, pre-Miranda silence at trial.” Carlisle v. State, 164 So.3d 69, 70 (Fla. 2d DCA 2015) (citing State v. Hoggins, 718 So.2d 761, 768-70 (Fla. 1998)). But, that is not what happened in this case. Here, the defendant did not remain silent, did not invoke his right to remain silent, and the State’s cross-examination did not draw the jury’s attention to his right to remain silent. The State was not attempting to utilize his silence to its benefit as the defendant had not exercised his right to remain silent.
Further, while a defendant’s statements may not be admissible in the state’s casein-chief, the Supreme Court has held that a defendant’s statements can be used for impeachment purposes even when those statements were obtained in violation of Miranda. Harris v. New York, 401 U.S. 222, 225-26, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). In Harris, the Court explained that “[hjaving voluntarily taken the stand, [the defendant] was under an obligation to speak truthfully ... and the prosecution here did no more than utilize the traditional truth-testing of the adversary process.” Id. at 226, 91 S.Ct. 643.
Florida’s courts have also applied this impeachment exception. See, e.g., Nowlin v. State, 346 So.2d 1020, 1024 (Fla. 1977) (when “the state, in order to impeach a defendant’s credibility, chooses to present evidence of a defendant’s incriminating statements which are inconsistent with trial testimony of the defendant and which are inadmissible in the case-in-chief because of the failure of custodial officers to give Miranda warnings, the statements must be shown to be voluntary before they may be admitted.”)
Allowing the State to question the defendant regarding his statements to the police did not impermissibly seek to draw the jury’s attention to the defendant’s invocation of his right to remain silent. In this case, the defendant had not invoked his right to remain silent and the State sought to impeach his voluntary trial testimony with his post-arrest pre-Miranda statements.
As the court correctly stated in response to the defendant’s objection at trial, the State is permitted to use a defendant’s prior inconsistent statements for impeachment purposes when those statements were voluntarily given by the defendant. Therefore, we find the trial court did not abuse its discretion by allowing the ;pre-Miranda statements into evidence and the defendant’s convictions are affirmed.

Affirmed.

Ciklin, C.J., and Gross, J., concur.