May, J., dissenting. I respectfully dissent. As the majority emphasizes, the only issue for our review is whether the admission of the detective’s hearsay testimony was harmless. The State argues, and I agree, that the testimony was cumulative of the victim’s statement and trial testimony describing the gun. In short, it was harmless. The hearsay consisted of two answers to questions asked of the detective at trial. Over defense hearsay objections, the detective testified: The victim said that the gun had a silver or nickel plated top, or what we call upper, and the lower was black and then what struck me about what he said was he said it had two holes, one larger hole on top and one smaller hole on the bottom. [[Image here]] The distinctive was that it was a stainless steel upper with black lower and the hole on top which was the barrel of the gun was bigger and then the description was that there was a hole on the bottom, but I knew that just couldn’t be but I figured the [ ]hole on the bottom was the spring guide. But, the detective also testified that he drew a sketch of the gun based on the victim’s description. The sketch showed the two holes on the front of the gun with the larger hole on top and the smaller hole below the barrel. The sketch was admitted into evidence without objection. The defendant was arrested three weeks after the incident, and consented to a search of his car. A deputy found a gun in the glove compartment. It was a “semi-auto” with a stainless steel upper with black lower. The gun was admitted into evidence without objection. In a recorded police interview, the defendant admitted he owned the gun found in his car, which matched the description of the gun given by the victim. But, the defendant claimed the gun was not in his car on the date of the incident. The detective informed the defendant that the victim told him about the “distinctive” feature of the large hole over the smaller hole, and the “silver top.” The victim testified at trial that he “saw the opening to where the bullet comes out and right below it was the little opening.” He reiterated that the gun was “nickel plated or chrome, something along those lines.” The victim clarified that the two holes were on the front of the gun, and that the larger hole on top was the one where he believed a projectile would be emitted. During closing argument, the prosecutor argued that the victim described the gun as “being a nickel back, a steel plate being on top of it,” as having “two holes, one the larger hole, and then a second smaller hole.” The prosecutor referenced the sketch. “The harmless error test [requires] the [S]tate ... to prove ... there is no reasonable possibility that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. Id. at 1139. Here, most of the detective’s testimony was cumulative to the victim’s own trial testimony. The only difference between the two was the two-tone coloring of the gun. And, the victim identified the defendant as the one who threatened him with the gun. The Fifth District has held the admission of hearsay is harmless where the victim testifies to the same information at trial. See English v. State, 43 So.3d 871, 872-73 (Fla. 5th DCA 2010). It did so even though the hearsay contained a more detailed description than the victim’s in-court description. Id. In English, the victim reported a robbery of his cell phone. Law enforcement found the defendant nearby in clothes matching the victim’s description. When law enforcement called the victim’s cell phone number,- the phone in the defendant’s pants pocket rang. Id. at 872. The defendant objected to testimony about the suspect’s description in a BOLO. While the Fifth District found the admission of the hearsay was error, the error was harmless because the testimony was cumulative of the victim’s trial testimony. We reached the same conclusion in Presley v. State, 839 So.2d 813, 813-14 (Fla. 4th DCA 2003). There, we held that an officer’s testimony of a BOLO description was harmless where the witness who called in the description testified at trial about her description of the defendant. Id. at 814; see also Casica v. State, 24 So.3d 1236, 1241 (Fla. 4th DCA 2009) (holding that an erroneously admitted statement the victim made to a nurse was harmless in light of the victim’s trial testimony); Miles v. State, 839 So.2d 814, 819 (Fla. 4th DCA 2003) (finding an officer’s hearsay testimony of the assailant’s description was harmless given the victim’s trial testimony); Livingston v. State, 219 So.3d 911, 916 (Fla. 2d DCA 2017) (holding that an officer’s erroneously admitted BOLO testimony was harmless considering the victim’s trial testimony). Here, a gun matching the victim’s description was found in the defendant’s car and admitted without objection. A sketch drawn by the detective, exhibiting the distinctive two holes at the front of the gun described by the victim, was admitted without objection. The victim testified about the incident and described the gun as chrome or silver with two holes in the front, the larger being at the top. While the admission of the hearsay was error, the detective’s hearsay testimony was cumulative of other evidence describing the gun, including the victim’s trial testimony. I would affirm.