NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOHN URBANIAK,               )
                                 )
         Appellant,        )
                                 )
v.                           )    Case No. 2D16-4612
                                 )
STATE OF FLORIDA,        )
                                 )
         Appellee.         )
_____)

Opinion filed March 28, 2018.

Appeal from the Circuit Court for Manatee
County; Hunter W. Carroll, Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.

        John Urbaniak appeals his convictions and sentences for one count of

battery and one count of attempted battery following a jury trial. We affirm Urbaniak's

judgment and sentences but write to address one of his arguments on appeal and the

State's response to it.

Law enforcement and EMS were dispatched to Urbaniak's home after receiving a 911 call from Urbaniak's sister. After the responding police deputy interviewed the individuals at the scene, he took Urbaniak into custody. Urbaniak argues that the deputy improperly commented on his right to remain silent when he testified on direct during the State's case-in-chief that he "did make an attempt to interview the defendant, but he was mute the whole time. He refused to talk. . . . [H]e was just making some mumblings and refused to talk." The deputy also testified, "I gave the defendant an opportunity to speak with me but he refused, so he was placed under arrest."

Comment on a defendant's silence after arrest is prohibited by the due process clause of the Florida Constitution. Art I, § 9, Fla. Const. "The standard for determining what constitutes a comment on [postarrest] silence is fairly liberal. 'If the comment is fairly susceptible of being construed by the jury as a comment on the defendant's exercise of his or her right to remain silent, it violates the defendant's right to silence.' " Green v. State, 27 So. 3d 731, 735 (Fla. 2d DCA 2010) (quoting State v. Hoggins, 718 So. 2d 761, 769 (Fla. 1998)); see also State v. Smith, 573 So. 2d 306, 317 (Fla. 1990) ("Our cases have made clear that courts must prohibit all evidence or argument that is fairly susceptible of being interpreted by the jury as a comment on the right of silence.").

The State contends that the deputy's comments were "a recounting of what happened between the deputy and Urbaniak during [the] investigation rather than a comment on appellant's right to remain silent." We are not persuaded; the deputy's testimony that Urbaniak was arrested after he failed to offer any explanation about what

had happened was certainly an impermissible comment on Urbaniak's right to remain silent.  See, e.g., State v. Horwitz, 191 So. 3d 429, 445 (Fla. 2016) (concluding that "[t]here [was] no question . . . that the State directly commented on [the defendant's] silence" when the State elicited testimony from officers that the defendant "didn't answer" when asked about what had happened immediately after the incident); Parker v. State, 124 So. 3d 1023, 1026 n.2 (Fla. 2d DCA 2013) (explaining that a detective's response that the defendant "just didn't answer the question" was an improper comment on the defendant's right to remain silent); Green, 27 So. 3d at 736 (holding that an officer's testimony that the defendant "refused" to give any postarrest statements to police "was more than 'fairly susceptible' of being interpreted as a comment on [the defendant's] right to remain silent" and concluding that the admission of this testimony was reversible error); Ash v. State, 995 So. 2d 1158, 1158 (Fla. 1st DCA 2008) (holding that an officer testifying that the defendant "replied that he's got nothing to say to me" when asked what had happened was a violation of the defendant's right to remain silent); Charton v. State, 716 So. 2d 803, 806 (Fla. 4th DCA 1998) (affirming that comments regarding a defendant's refusal "to explain his presence and conduct" prior to arrest violated the defendant's right to remain silent); Carr v. State, 561 So. 2d 617, 618–19 (Fla. 5th DCA 1990) (concluding that an officer testifying that when he asked the defendant what happened after arriving at the scene of a car accident, the defendant "carried on no dialogue and I got no answer" violated the defendant's right to remain silent).

In this case, the deputy specifically referred to Urbaniak's prearrest silence, which invokes a slightly different constitutional standard for admission than comment on

postarrest silence.  Although the use of a defendant's prearrest silence is not precluded in federal court unless the defendant first invoked his right to remain silent, Salinas v. Texas, 570 U.S. 178, 191 (2013) (plurality opinion) ("Before petitioner could rely on the privilege against self-incrimination, he was required to invoke it."), the issue is more nuanced under the Florida Constitution, Horwitz, 191 So. 3d at 439 ("[T]he privilege against self-incrimination provided in the Florida Constitution offers *more* protection than the right provided in the Fifth Amendment to the United States Constitution.").  Under the Florida Constitution, the State may not admit a defendant's prearrest, pre-Miranda[1] silence as substantive evidence of guilt or when the defendant fails to testify.  Horwitz, 191 So. 3d at 442 ("If [a defendant] could not be made a self-accusing witness by coerced answers, he should not be made a witness against himself by unspoken assumed answers." (alteration in original) (quoting Commonwealth v. Molina, 104 A.3d 430, 450 (Pa. 2014))).  However, prearrest, pre-Miranda silence may be used to impeach a defendant when he testifies at trial, "only if the silence was inconsistent with the defendant's testimony at trial."  Id. at 440 (emphasis omitted); see also Hoggins, 718 So. 2d at 770 n.11.  "If no inconsistency exists, then the silence lacks probative value and is inadmissible."  Horwitz, 191 So. 3d at 442 (quoting Hoggins, 718 So. 2d at 766).  Because the State admitted the deputy's testimony during its case-in-chief, there is no plausible argument in this case that the testimony was offered to impeach Urbaniak's trial testimony.

Urbaniak did not object to either statement from the deputy at trial.  Therefore, our review is for fundamental error.  See F.B. v. State, 852 So. 2d 226, 229

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

(Fla. 2003).  "[T]o be of such fundamental nature as to justify a reversal in the absence of timely objection the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error."  Id. (quoting Brown v. State, 124 So. 2d 481, 484 (Fla. 1960)).  Here, the record does not reflect that the State relied on Urbaniak's silence as substantive evidence of his guilt.  The State did not refer to Urbaniak's silence during cross-examination of Urbaniak or during closing.  Because the only reference to Urbaniak's silence was the isolated testimony of the deputy, we cannot conclude that the improper comment rose to the level of fundamental error in this case.  Therefore, we affirm his convictions and sentences.  See Gutierrez v. State, 731 So. 2d 94, 95 (Fla. 4th DCA 1999) ("While an improper comment on a defendant's right to remain silent may be constitutional error, it is not considered fundamental error.").

Affirmed.

KHOUZAM, SLEET, and ROTHSTEIN-YOUAKIM, JJ., Concur.