# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STEVEN CANNON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-2082

[April 14, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy Bailey, Judge; L.T. Case No. 17005489CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from his convictions for burglary of a conveyance with a battery, and leaving the scene of a crash. The defendant raises five arguments: (1) the trial court fundamentally erred by not instructing the jury on the battery element of the burglary of a conveyance with a battery charge; (2) the trial court fundamentally erred in permitting the responding officers to comment on the defendant's silence by testifying that, pre-arrest, he left a hospital without being interviewed, contrary to their instructions; (3) the trial court reversibly erred in allowing one responding officer, over the defendant's hearsay objections, to testify about the BOLO which he received from dispatch and the defendant's driving record which he obtained through the NCIC database; (4) the cumulative effect of the prosecutor's improper comments during closing argument amounted to fundamental error; and (5) the trial court reversibly erred by failing to inquire into the defendant's request at sentencing to terminate his private counsel's representation.

We conclude only the defendant's first argument requires reversal of the defendant's conviction and sentence for burglary of a conveyance with

a battery, and therefore we remand for a new trial on that charge. Although the defendant's second, third, and fourth arguments would not require reversal individually or cumulatively, we will address those arguments to the extent the issues underlying those arguments may recur at the new trial. The defendant's fifth argument lacks merit and does not warrant further discussion. We affirm without discussion the defendant's conviction and sentence for leaving the scene of a crash.

We present this opinion in four sections:
1. The trial evidence;
2. The erroneous jury instruction;
3. The parties' arguments on the erroneous jury instruction; and
4. Our review of the defendant's first, second, third, and fourth arguments.

## 1. *The Trial Evidence*

The alleged victim testified he was driving on I-95 when another car struck his side mirror. The victim called 911, and followed the car which hit him. The operator told the victim to pull over and wait for police, but the victim continued following the car, which the defendant was driving.

The defendant exited the interstate, and eventually pulled into a business parking lot. The victim used his car to block the defendant's car from driving away. The defendant, though, rammed into the victim's car. When the defendant tried to drive away, the victim continued to follow the defendant. The victim described what happened next:

> [The defendant] then throws his car in reverse and smashes into the front of my car and then drives off a little bit. Throws his car in reverse again and then rams into me a fourth time.
>
> He got out of his car. I put my car in park ….
>
> He walks over to the front of my car … yelling. He opens my [driver's side] car door ….
>
> [*H*]*e pulls me out of my car* [*by my shirt*] *and then threw a punch.* … I went and drove for his legs … and [got] on his back. He was face down and I held him … until police arrived.

(emphasis added; state's questions omitted). The victim clarified that the defendant's punch did not strike him.

Also testifying was an independent witness from a nearby business who verified the victim's account of what occurred during the incident, with one exception – the witness's view was blocked when the victim was either pulled from or exited his car:

> [The defendant] was yanking on the [victim's car] door handle and even pulling on the door frame ....

> And the door opens and *some shrubbery got in the way of my view as I'm strolling up* but I could see an altercation is going on like behind that. I can see that.

> I continue walking. ... *By the time I* [*got to their location*] ... [*the defendant*] *was facing down on the ground.* [*The victim*] *was on top of him.*

(emphasis added; state's questions omitted).

Also testifying were the responding officers. Over defense counsel's hearsay objections, one responding officer testified about the BOLO which he received from dispatch and the defendant's driving record which he obtained from the NCIC database.

That responding officer further testified, without defense objection, the police did not arrest the defendant on the incident date, because "we gave him command to stay inside the hospital, get treated. However, when we went over there to arrest him *or to even interview him for what happened* that day he left the hospital. He ran away." (emphasis added).

The latter testimony violated the trial court's pre-trial motion in limine ruling that the responding officers could testify the defendant had left the hospital against their instructions, but could not testify the officers had requested the defendant to be interviewed. However, for whatever reason, defense counsel did not object when the ruling was violated.

The responding officer also testified that six days after the incident, he arrested the defendant at a tow yard where the defendant had attempted to retrieve his car. The responding officer further testified, without defense objection, that he issued the defendant a citation for driving while license revoked, open container, and six other infractions arising from the incident six days earlier.

3

A supervising officer who responded to the scene also violated the trial court's pre-trial motion in limine ruling by testifying:

> [P]rior to going to the hospital I did advise [the defendant] that, okay, you got your injuries, you are injured, you are going to the hospital, you getting take[n] care of comes first.
>
> Stay there, I will be there shortly or a trooper or somebody is going to be there shortly.
>
> *We need to get a statement, we need further investigation.*
>
> When I arrived at the hospital when I walked in ... I inquired where the defendant was and the doctor responded ... [the defendant] took off as soon as he got here.

(emphasis added). Again, however, defense counsel did not object.

After the state presented its remaining evidence and rested, defense counsel moved for a judgment of acquittal. Defense counsel argued:

> I don't believe there is a prima facie case as to the main count of burglary [of a conveyance with a] battery in light of the testimony from the victim, himself, who basically said that he was able to successfully dodge the defendant's attempted punch. So I don't believe there is enough evidence to go to a jury for a burglary [of a conveyance with a] battery ....

The state responded:

> [T]he burglary [of a conveyance with a] battery in this case that the state is moving forward with is when the defendant went into the victim's vehicle and pulled him out.
>
> So, we are not going based on the fact that [the defendant] missed a punch.

The trial court denied the defendant's motion for judgment of acquittal. The defendant rested without presenting any evidence.

### 2. *The Erroneous Jury Instruction*

The trial court proceeded to a charge conference. As to the burglary of a conveyance with a battery charge, the state's proposed verdict form

asked the jury to determine if the defendant was "Guilty ... as charged in the Information" or "Not Guilty." The information, a copy of which the jury would receive, alleged the defendant "did unlawfully enter or remain in a conveyance, to-wit: a vehicle, property of [the victim] with intent to commit the offense of Battery therein, *and in the course thereof, did commit a battery* upon [the victim] by actually and intentionally touching or striking [the victim] against the will of [the victim], contrary to F.S. 810.02(1) and F.S. 810.02(2)(a) ...." (emphasis added).

The trial transcript also indicates the state's original proposed jury instruction for this charge followed Florida Standard Jury Instruction (Criminal) 13.1 for Burglary, and _included_ the standard instruction's section 810.02(2)(a) battery enhancement:

> To prove the crime of Burglary (Conveyance/Battery), the State must prove the following two elements beyond a reasonable doubt:
>
> 1. [The defendant] entered a conveyance owned by or in the possession of [the victim].
>
> 2. At the time of entering the conveyance, [the defendant] had the intent to commit Battery in that conveyance.
>
> ....
>
> *Burglary enhancements:*
>
> ....
>
> *With a battery.*
> If you find [the defendant] guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, [the defendant] **battered any person. A battery is an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person**.

Fla. Std. Jury Instr. (Crim.) 13.1 (emphases added).

However, the trial transcript and the record indicate standard jury instruction 13.1's section 810.02(2)(a) battery enhancement inadvertently became _omitted_ from the instructions' final written version. The trial

5

transcript indicates the reason may have been that the state's original proposed jury instruction for the lesser included offense of simple burglary of a conveyance inadvertently *included* the section 810.02(2)(a) battery enhancement. The trial court instructed the section 810.02(2)(a) battery enhancement be removed from the lesser included simple burglary instruction. However, the instructions' final written version indicates the section 810.02(2)(a) battery enhancement was omitted from both the simple burglary instruction *and the burglary of a conveyance with a battery instruction*.

Regardless of the reason for inadvertently omitting the section 810.02(2)(a) battery enhancement from the burglary of a conveyance with a battery instruction, defense counsel failed to object to the instructions' final written version when presented or when read to the jury.

The parties then made their closing arguments, with both sides agreeing the alleged battery in the burglary of a conveyance with a battery charge referred to the defendant allegedly pulling the victim from his car. The parties' closing arguments disputed whether the state proved the battery element. The state also told the jury, consistent with the standard jury instruction, that "Battery is defined as an actual or intentional touching or striking of another person against that person's will or the intentional causing of bodily harm."

The trial court gave the jury a copy of the instructions' final written version containing the incomplete burglary of a conveyance with a battery instruction. On that charge, the jury found the defendant "Guilty … as charged in the Information." After sentencing, this appeal followed.

### 3. *The Parties' Arguments on the Erroneous Jury Instruction*

The defendant concedes his trial counsel failed to object to the incomplete instruction. However, the defendant argues:

> The trial court committed fundamental error when it gave a deficient jury instruction on the charge of burglary of a conveyance with a battery. The instruction permitted the jury to convict [the defendant] if it found that he had an intent to commit a battery when he entered [the victim's] car. *The problem is that the offense of burglary with a battery requires the actual commission of a battery and not the mere intent to do so. The actual commission of a battery is an essential element of the offense. The instruction omitted this element and failed to provide a definition of battery.* Because the evidence

6

concerning whether [the defendant] committed the battery was in dispute this deficient instruction amounted to fundamental error that mandates reversal.

(emphases added).

The state responds:

> [F]ailure to define the underlying offense when instructing a jury on burglary does not constitute fundamental reversible error. ... What constitutes a battery was not at issue. The jury was given a copy of the Information which clearly alleged [the defendant] "did commit a battery upon [the victim] by actually and intentionally touching or striking [the victim] against the will of [the victim]." The jury returned a verdict of Guilty of Burglary (Conveyance/Battery) as charged in the Information. Under the facts of this case [the defendant] has not demonstrated fundamental error.
>
> ....
>
> [Further, the defendant] did not object or request that the battery instruction be read to the jury.

The defendant replies:

> The fact that the jury was provided with a copy of the information, which set forth the elements of battery, does not cure the insufficient instruction. This is evident by the many references in the instructions that the law to be applied is contained in the instructions and not the arguments of counsel or from other sources. If the jury was confused by the information, it would have simply read the rules for deliberation and applied the law as contained in the jury instructions and not the information.
>
> ....
>
> Furthermore ... [d]efense counsel did not affirmatively agree to omit the battery section from the instruction on the burglary of a conveyance with a battery.

### 4. Our Review

7

**A. The trial court fundamentally erred by not instructing the jury on the section 810.02(2)(a) battery enhancement.**

Applying de novo review, we agree with the defendant that the trial court fundamentally erred by not instructing the jury on the section 810.02(2)(a) battery enhancement. *See Elliot v. State*, 49 So. 3d 269, 270 (Fla. 1st DCA 2010) (an appellate court "reviews the issue of unpreserved fundamental error under the *de novo* standard").

Jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred." *Martinez v. State*, 981 So. 2d 449, 455 (Fla. 2008). "The giving of a misleading instruction constitutes both fundamental and reversible error." *Doyle v. State*, 483 So. 2d 89, 90 (Fla. 4th DCA 1986). As our sister court has explained:

> *A criminal defendant has a fundamental right to have the trial court correctly and intelligently instruct the jury on the* <u>*essential and material elements of the crime charged*</u>. *Battle v. State*, 911 So. 2d 85, 88–89 (Fla. 2005). However, if the trial court fails to instruct on all the elements of the offense and the defendant does not object, as was the case here, the omission can be raised on appeal only where it constitutes fundamental error. *See id.* at 89. *Fundamental error occurs* <u>*when the omission is pertinent or material to what the jury must consider in order to convict;*</u> the failure to instruct on an element of the crime over which the record reflects there was no dispute does not constitute fundamental error. *Id.*

*Wolfork v. State*, 992 So. 2d 907, 909 (Fla. 2d DCA 2008) (emphases added).

Here, the battery element was in dispute and was pertinent to what the jury had to consider in order to convict the defendant of burglary of a conveyance <u>*with a battery*</u>. As the state argued, the alleged battery was the defendant's alleged grabbing the victim's shirt and yanking him out of his car — an act which the victim said occurred, but which the independent witness could not verify because his view was blocked at that moment. Defense counsel's closing argument emphasized the lack of independent verification:

> [T]he independent witness specifically said that he doesn't know whether or not the [victim] was pulled out of the car or whether or not he got out of the car willingly.

8

....

> So if you are putting all your weight into ... this independent witness, you know, he didn't see that part.

Further, the incomplete jury instruction allowed the jury to convict the defendant of burglary of a conveyance with a battery even if the jury found the defendant merely *intended* to commit a battery when he entered the victim's vehicle, but did not actually commit a battery. If the defendant had only *intended* to commit a battery, his act would not legally constitute burglary of a conveyance with a battery, but would constitute the lesser included offense of simple burglary of a conveyance. *See Hartley v. State*, 27 So. 3d 233, 233 (Fla. 2d DCA 2010) ("Simple burglary is a necessarily lesser-included offense of burglary with a battery."); § 810.02(1)(b), Fla. Stat. (2017).

We distinguish the state's cited case of *Reed v. State*, 603 So. 2d 69 (Fla. 4th DCA 1992), where we held, "Failure to define the underlying offense when instructing a jury on burglary does not constitute fundamental reversible error." *Id.* at 71. In *Reed*, the defendant was charged with simple burglary. *Id.* Here, though, the defendant was charged with a combined offense – burglary with a battery. *See Bledsoe v. State*, 764 So. 2d 927, 929 (Fla. 2d DCA 2000) ("'Burglary with a battery' is a legislative combination of two separate common law crimes.").

Also lacking merit is the state's suggestion that the defendant waived fundamental error by affirmatively agreeing to the incomplete instruction. *See Universal Ins. Co. of N. Am. v. Warfel*, 82 So. 3d 47, 65 (Fla. 2012) ("Fundamental error is ... waived where defense counsel *affirmatively agrees* to an improper instruction.") (emphasis added).

Our sister court has held, and we agree, that a difference exists between "affirmatively agreeing" to an improper instruction and "unknowingly acquiescing" to an improper instruction. *See Roberts v. State*, 694 So. 2d 825, 826 (Fla. 2d DCA 1997) ("Since defense counsel did not affirmatively agree to the omission of the [definitions of justifiable and excusable homicide when instructing on attempted manslaughter], but only acquiesced in the instructions as given, the [waiver] exception does not apply."). Here, as the defendant's reply brief argues:

> Defense counsel did not affirmatively agree to omit the battery section from the instruction on the burglary of a conveyance with a battery. *While the State is correct that*

9

*defense counsel did not object to the court removing the battery instruction from the lesser included offense instruction on simple burglary, this has no bearing on the charged offense.* Moreover, this would be correct as the battery instruction should not be included in the simple burglary instruction as it is not an element of the offense.

(emphasis added).

Indeed, the record does not in any way indicate defense counsel's agreement to delete the section 810.02(2)(a) battery enhancement from the original proposed burglary of a conveyance with a battery instruction. *See Brown v. State*, 909 So. 2d 975, 976 (Fla. 2d DCA 2005) ("Trial counsel did not object and, as the record … reveals, unknowingly acquiesced to a fundamentally flawed jury instruction.").

Further, while the state defined battery during its closing argument, the trial court also properly instructed the jury from the prepared written instructions: "Number one, you must follow the law *as it is set out in these instructions that I'm reading to you.*"; and "Please remember [that] *what the lawyers say* [in their closing arguments] *is not* evidence or *your instructions on the law.*" (emphasis added).

Thus, based on the foregoing, the erroneous jury instruction constituted fundamental error, and we must reverse and remand for a new trial on the burglary of a conveyance with a battery charge.

### B. Defense counsel waived any error in permitting the responding officers to comment on the defendant's silence.

The defendant argues the trial court erred in permitting the responding officers to comment on the defendant's silence by testifying that, pre-arrest, he left the hospital without being interviewed, contrary to their instructions.

The state summarizes its response as follows:

[T]he trial court ruled on the motion in limine that the State could elicit testimony [the defendant] was told to wait at the hospital for law enforcement and that he left, but the State could not go into [the defendant] not wanting to talk with law enforcement. The prosecutor complied with the trial court's ruling and only told the jury in opening statement and closing argument that [the defendant] did not remain at the hospital

> as instructed. … *Any comment [by the responding officers] about wanting to obtain a statement from [the defendant] was unobjected to.*

(emphasis added).

We agree with the state's argument that defense counsel waived any violation of the court's order on the motion in limine by not objecting to: (1) the responding officer's testimony about wanting to interview the defendant before he left the hospital, or (2) the supervising officer's testimony about having told the defendant that the police wanted to get his statement before he left the hospital. *See, e.g., Rhue v. State*, 693 So. 2d 567, 569 (Fla. 2d DCA 1996) ("Trial counsel did not … renew the motion in limine or otherwise object at the time [the officers] testified … thus, the objection was not preserved.").

Because the defendant's objection was not preserved, "our review is for fundamental error." *Urbaniak v. State*, 241 So. 3d 963, 966 (Fla. 2d DCA 2018). "Fundamental error is error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Gentry v. State*, 300 So. 3d 233, 237 (Fla. 4th DCA 2020) (citation and internal quotation marks omitted).

We have held that "[w]hile an improper comment on a defendant's right to remain silent may be constitutional error, it is not considered fundamental error." *Gutierrez v. State*, 731 So. 2d 94, 95 (Fla. 4th DCA 1999); *see also Urbaniak*, 241 So. 3d at 966 ("[T]he record does not reflect that the State relied on [the defendant's] silence as substantive evidence of his guilt. … Because the only reference to [the defendant's] silence was the isolated testimony of the deputy, we cannot conclude that the improper comment rose to the level of fundamental error in this case."). Thus, we would not have reversed for a new trial on this argument on the basis of fundamental error.

However, we nevertheless recognize the trial court's ruling on the defendant's pre-trial motion in limine was correct. *See, e.g., State v. Horwitz*, 191 So. 3d 429, 431 (Fla. 2016) (when a defendant does not testify at trial, use of the defendant's pre-arrest silence "as substantive evidence of guilt violates the defendant's right against self-incrimination under the Florida Constitution"). Thus, in the new trial on the burglary of a conveyance with a battery charge, the state and its witnesses must abide by the trial court's ruling, but if the ruling is violated, defense counsel

must renew the motion in limine or otherwise object to preserve the issue for appeal. *Rhue*, 693 So. 2d at 569.

## C. The trial court committed harmless error in allowing the responding officer to present hearsay evidence.

The state does not contest the defendant's argument that the trial court erred in allowing the responding officer, over the defendant's hearsay objections, to testify about the BOLO which he received from dispatch and the defendant's driving record which he obtained through the NCIC database. Instead, the state responds that any error was harmless beyond a reasonable doubt because the evidence was cumulative to the victim's description of the incident and the responding officer's unobjected-to testimony that he cited the defendant for driving while license revoked.

Applying de novo review, we conclude the admission of the hearsay evidence was error, but we agree with the state that the error was harmless. *See Browne v. State*, 132 So. 3d 312, 316 (Fla. 4th DCA 2014) ("The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence. ... Thus, whether evidence is admissible ... under an exception to the hearsay rule is a question of law ... subject to the de novo standard of review.") (citations, quotation marks, and brackets omitted).

Section 90.801(1)(c), Florida Statutes (2019), defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial ... offered in evidence to prove the truth of the matter asserted."

"[T]he contents of a BOLO are generally inadmissible in that they contain incriminating hearsay details unnecessary to establish a logical sequence of events." *Tillman v. State*, 964 So. 2d 785, 788 (Fla. 4th DCA 2007). However, as our sister court has explained: "[W]hen as here, the victim testifies to the same information during the trial, courts have often considered the admission of the BOLO's contents cumulative in nature, and, therefore, harmless." *English v. State*, 43 So. 3d 871, 872 (Fla. 5th DCA 2010) (citation omitted); *see also Presley v. State*, 839 So. 2d 813, 813–14 (Fla. 4th DCA 2003) (an officer's testimony recounting a BOLO was harmless where the witness who called in the description testified at trial about her description); *Livingston v. State*, 219 So. 3d 911, 916 (Fla. 2d DCA 2017) (an officer's erroneously admitted BOLO testimony was harmless considering the victim's trial testimony).

The same is true in the instant case. While admission of the hearsay was error, the responding officer's testimony about the BOLO was

cumulative to the victim's testimony describing the incident. Likewise, the responding officer's testimony that the NCIC database showed the defendant's license was revoked was cumulative to the officer's unobjected-to testimony that he cited the defendant for driving while license revoked.

Again, we have ruled on this argument to provide guidance to the trial court if the hearsay testimony underlying this argument recurs at the new trial on the burglary of a conveyance with a battery charge.

## D. The prosecutor's comments during closing argument did not amount to fundamental error.

The defendant contends the prosecutor's closing argument contained two sets of allegedly improper comments, but concedes defense counsel did not object when the prosecutor made the comments.

First, the defendant contends the prosecutor improperly presented facts not in evidence by stating that when the responding officer arrested the defendant six days after the incident, the responding officer also cited the defendant for having committed driving while license revoked and open container on the day of the arrest.

Second, the defendant contends the prosecutor improperly shifted the state's burden of proof to the defense after referencing Florida Standard Jury Instruction (Criminal) 3.9, "Weighing the Evidence," by arguing:

> Was the witness honest and straight forward in answering the attorney's questions. The witnesses got up here and they spoke about the facts and what had occurred. You never saw them testifying to something that didn't occur. *Defense Counsel never got up here and impeached them. He never said, well, you said this, it is different, it is inconsistent. That never happened.*
>
> ....
>
> Did the witness at some other time make a statement inconsistent with the testimony given from court. *Just like I said, nobody was ever impeached.* The officers were never impeached, the civilians, independent witness, never impeached, the victim, never impeached. *They never gave a statement inconsistent with something that they testified to in court.*

(emphasis added).

Regarding the prosecutor's first set of comments, the state concedes the responding officer had not testified he had given the defendant two additional citations for infractions committed on the day when the defendant was arrested. According to the state, "It appears that the prosecutor misspoke." However, we agree with the state that the prosecutor's misstatement did not rise to the level of fundamental error, as the jury already was aware that the defendant's license was revoked. *See Merck v. State*, 975 So. 2d 1054, 1061 (Fla. 2007) ("Closing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence. … Unobjected-to comments are grounds for reversal only if they rise to the level of fundamental error.").

As for the prosecutor's unobjected-to "open container" comment, we agree with the state that the jury already was aware the defendant had been cited for "open container" on the incident date. Referring to a non-existent second "open container" citation, though improper, did not rise to the level of fundamental error. *See Gentry*, 300 So. 3d at 237.

We trust that, during the new trial on the burglary of a conveyance with a battery charge, the prosecutor shall not repeat the first set of comments unless the evidence supports those comments.

Regarding the prosecutor's second set of comments, we agree with the state that the comments did not refer to the defendant's failure to produce evidence. *See, e.g., Jackson v. State*, 575 So. 2d 181, 188 (Fla. 1991) ("[T]he state cannot comment on a defendant's failure to produce evidence to refute an element of the crime, because doing so could erroneously lead the jury to believe that the defendant carried the burden of introducing evidence."). Instead, consistent with standard instruction 3.9, the prosecutor's comments merely asked the jury to consider whether the state's witnesses, *during defense counsel's cross-examinations*, were honest and straightforward, and had not made a statement inconsistent with the testimony given from court, i.e., had not been impeached. Thus, the prosecutor's second set of comments were proper and did not constitute burden shifting.

### *Conclusion*

Based on the foregoing, we reverse the defendant's conviction and sentence on the burglary of a conveyance with a battery charge, and

14

remand for a new trial on that charge, consistent with the rulings in this opinion.  We affirm the defendant's conviction and sentence for leaving the scene of a crash without further discussion.

*Affirmed as to leaving the scene of a crash conviction and sentence; burglary of a conveyance with a battery conviction and sentence reversed and remanded for a new trial on that charge.*

MAY and KUNTZ, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***